9|

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

**WILLIAM E. POWELL,**

**14565 Glastonbury Ave**
**Detroit, Michigan  48223**

      **Plaintiff,**

**vs.**

**FIRST ALLIED SECURITIES INC**
**655 West Broadway, 12th Floor**
**San Diego, CA 92101;**

**SELIK WEALTH MANAGEMENT, INC/FORMERLY**
**SELIK AND GOTTSCHALK WEALTH MANAGEMENT**
**30100 Telegraph Road, Suite 414**
**Bingham Farms, MI  48025**

      **Defendants.**

Case:5:14-cv-13589
Judge: O'Meara, John Corbett
MJ: Hluchaniuk, Michael J.
Filed: 09-16-2014 At 02:38 PM
CMP POWELL V. FIRST ALLIED SECURITI
ES ET AL (DA)

_____/

## COMPLAINT

    Plaintiff, William E. Powell, for his Complaint against First Allied Securities

## INTRODUCTION

    Plaintiff discovered his father, William A. Powell's, Last Will and Testament and Trust

Agreement in 2011 over a family member's residence in Detroit, Michigan.  Plaintiff's father,

William A. Powell, executed a Trust Agreement on February 3, 1988, and allegedly amended on

February 10, 1988, with the alleged name of the William A. Powell Agreement of Trust dated

February 3, 1988, and amended February 10, 1988.  Plaintiff's father, William A. Powell,

executed his Last Will and Testament on February 3, 1988, which directed his Estate to be "Poured Over" to the Trust **(attached as Exhibit "A)**. Plaintiff discovered in 2012 a Probate Estate was opened at the Wayne County Probate Court stating the Estate exceeded Six Hundred Thousand ($600,000) Dollars, and a Federal Estate Tax Return must be filed **(attached as Exhibit "B")**. Plaintiff with a material interest as a Beneficiary of the Estate and Trust was not notified of the opening of a Probate Estate in 1992. There is no documentation in the Probate File, on the Docket, or a Proof of Service illustrating that Plaintiff was notified of a Probate Estate was opened in Wayne County Probate Court in Detroit, Michigan **(attached as Exhibit "C")**. A Probate Estate should not have been opened in 1992 because of the pour over Last Will and Testament ("the Will") directing the Estate to be "poured over" to the Trust after the Decedent/Grantor/Trustee, William A. Powell's, death.

In 2012, Plaintiff discovered a Brokerage Account was opened after the death of Decedent/Grantor/Trustee in 1992, by David M. Gottschalk of Selik & Gottschalk Wealth Management, now known as Selik Wealth Management, a licensed agent of First Allied Securities ("First Allied"). Account Number 70981350 was opened under the William A. Powell Revocable ("Still Living") Trust dated February 10, 1988. The William A. Powell Agreement of Trust had only one Grantor and one Trustee on the Trust Agreement, which was William A. Powell, and the Trust would be disbursed after the death of Plaintiff's father, William A. Powell by the William A. Powell Agreement of Trust dated February 3, 1988, and amended on February 10, 1988. Plaintiff discovered the Account was opened under the Social Security Number ("SSN") of XXX-XX-8608, instead of Plaintiff's father's SSN of XXX-XX-9840. Plaintiff's father is the Grantor and Trustee of the William A. Powell ("Individual") Agreement of Trust dated February 3, 1988, and allegedly amended on February 10, 1988. The Account should have

2

been opened under the Trust Employer Identification Number ("EIN") of 20-6741054, after

Plaintiff's father, William A. Powell, died in 1992. Income is reported for a ("Revocable") Trust

when the Grantor and Trustee is still living on their Federal Income Tax Return ("1040") under

their SSN. When the Grantor and the Trustee dies, the income is reported on the Trust EIN.

Plaintiff has a material interest as a Beneficiary of the William A. Powell Agreement of Trust

dated February 3, 1988, and allegedly amended on February 10, 1988. First Allied did not know

that Plaintiff's father, William A. Powell, had been deceased since 1992, until Plaintiff faxed a

Certified Death Certificate of William A. Powell in 2012 to First Allied. Plaintiff tried to obtain

information on the Account as a Beneficiary of the William A. Powell Agreement of Trust dated

February 3, 1988, and allegedly amended on February 10, 1988, and was denied information on

the Account with a material interest as a Beneficiary of the Trust instrument. Plaintiff's father's

Trust Agreement terminates when Plaintiff's father's ("Grantor's") children reach the age of

forty (40) years old, then the entire corpus of the Trust is distributed. Plaintiff reached the age of

forty (40) years old in 2005, which illustrates the accounts with First Allied Securities and

Midland National Life Insurance Company (**Case 2014: CV-13193**) were opened under the

name of the William A. Powell Revocable Trust dated February 10, 1988, and using a different

SSN other than the required SSN of Plaintiff's father/Grantor's SSN to allegedly defraud and

hide Plaintiff's inheritance and to allegedly defraud the Internal Revenue Service ("IRS") tax

codes. Plaintiff discovered another account opened under the William A. Powell Revocable

Living Trust dated February 10, 1988 with Fidelity Investments under the account number X-13-

159383 under the social security number xxx-xx-8608, instead of the Plaintiff father/Grantor and

Trustee William A. Powell social security number xxx-xx-9840, which is required to open up a

Revocable Trust Account for an "Individual" Trust Agreement. The funds were being

"Transferred In Kind" to the same account number 70981350 as First Allied Securities by the license agent David M. Gottschalk who was a partner with Ronald Selik with the company Selik and Gottschalk Wealth Management, known as Selik Wealth Management at this present time. **(attached as Exhibit C1).** Because of the discovery of tax returns (1989 1120 corporate, 1989 1065 partnership and 1040 Federal income tax return )of the Plaintiff father William A. Powell suspiciously and allegedly cannot not locate the company ("Powell Printing Co") tax information from when the company was incorporated on December 11, 1989 to when the company/corporation was allegedly closed between 1992 and 1994 **( Case- 2014:cv-12626,")** The Plaintiff suspects the assets in the company/corporation were allegedly liquidated illegally through different brokerage accounts to allegedly conspire to hide the assets of the company/corporation from the Plaintiff William E. Powell, which the Plaintiff suspects the Powell Printing Co/Inc was inherited to the Plaintiff William E. Powell. The accounts the Plaintiff has discovered opened in 2005 after the Plaintiff father death in 1992 and allegedly using a different social security number other than the Plaintiff father William A. Powell social security number, illustrates there is allegedly conspiracy and Racketeering against the Plaintiff and the Internal Revenue Service tax code. Plaintiff served a first subpoena by certified mail to Marion Vonmoff, of First Allied Securities to produce documents under the case **(14: cv-12626)** to **"Produce 1099's, W-9's and account transactions ("statement") contracts and documentation for the account 70981350 in regards to the William A. Powell Revocable Living Trust dated February 10, 1988 from 2005 to 2014. Produce and tax returns and 1099's in regards to any accounts in regards to the Powell Printing Company/Inc"** **(attached as Exhibit C2),** which was delivered on September 2, 2014 at 12:47 pm. The Plaintiff received a letter from the First Allied Securities Legal Department on September 12, 2014 from

4

Jennifer Mannan, Esq, Associate General Counsel of First Allied Securities Inc, with the letter dated on September 11, 2014.  The letter from Attorney Mannan stated, "The password to the documents sent via separate cover is xxxxxxxxx, which the First Allied Securities has not complied with the subpoena and produce the document on September 15, 2014 at 10:00am under the case **2014: cv-12626**, which relates to this complaint and the complaint under case **2014: cv-13193  (attached as Exhibit C3)**

An "Individual" trust agreement with one Grantor and Trustee is a "REVOCABLE" living trust and reports income of the trust under the grantor's SSN.  When the grantor dies with an "Individual" Revocable Living Trust, the trust changes to an "IRREVOCABLE" trust, and the income is required to be reported under the trust EIN and trust income is required by the trust instrument to disburse the trust estate to the beneficiaries listed in the trust instrument.  A "JOINT" trust agreement with two grantors and two trustees in a "REVOCABLE" living trust and reports income of the trust under either grantors' SSN.  If the trust agreement was a "JOINT" trust agreement, the account could be opened as a "REVOCABLE" account after one of the grantors has died.  As a Beneficiary of Plaintiff's father Trust Agreement Plaintiff does not know the value of the Account when it was initially opened and has been denied information on the Account as a legal Beneficiary with material interest of Plaintiff's father's Trust Agreement.  To this end, First Allied knowingly used a licensed agent that engaged in unfair and improper sales practices, and implicitly and/or explicitly ratifies the unfair and lawful practices of the lawful licensed agent.

## JURISDICTION AND VENUE

The Court has **Jurisdiction** pursuant to 28 U.S.C 1331 because this action arises under the laws of the United States 18 U.S.C 1964(c) and because this action alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C 1961-1968.  The Court has Jurisdiction  pursuant to 18 USC 371 because, if two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy.  The Court has Venue pursuant to 28 U.S.C. 1391 (b).  **Venue** is proper in this District because many of the illegal acts giving rise to this case occurred in this District by the Defendant, Selik Wealth Management, and is located in Bingham Farms, Michigan.  First Allied is the Custodian of the Brokerage Account and Selik Wealth Management is a licensed agent for First Allied.

## DEFENDANTS

First Allied Securities et.al and Selik Wealth Management, Inc. et al.

## FACTS

The following events have occurred:

1.    Plaintiff contacted First Allied with regard to obtaining information on the William A. Powell Revocable Living Trust dated February 10, 1988, as a Beneficiary of the William A. Powell Trust Agreement and was denied;

2.    Plaintiff wrote a letter to First Allied Securities with regard to the alleged suspicious and fraudulent activity in regards to the opening of Account 70981350 under the William A. Powell Revocable Living Trust dated February 10, 1988 **(attached as Exhibit "D")**;

6

3.   Plaintiff faxed a Certified Copy of the Death Certificate of the Grantor and Trustee of the Trust Agreement to First Allied to address the fact that William A. Powell had been deceased since 1992, which First Allied had no indication of the Grantor and Trustee, William A. Powell, was deceased since 1992 **(attached as Exhibit "E")**;

4.   Plaintiff discovered the First Allied Account with Account Number 70981350 had been opened in 2005 under the William A. Powell Revocable ("Still Living") Trust dated February 10, 1988, by David M. Gottschalk of Selik and Gottschalk  Wealth, Management, now known as Selik Wealth Management after the Grantor and Trustee, William A. Powell's death in 1992, document was allegedly subpoenaed through a probate case at the Wayne County Probate Case and First Allied Securities allegedly redacted the information. **(attached as Exhibit "F")**;

5.   Plaintiff discovered the Account was opened under the SSN of XXX-XX-8608 instead of the Grantor and Trustee William A. Powell's SSN of XXX-XX-9840;

6.   A Revocable ("Grantor Still Living") Living Trust Account is required to be opened by Grantor William A. Powell and required to use the Grantor and Trustee SSN xxx-xx-9840 in the Grantor and Trustee individual trust agreement.;

7.   A Joint Revocable (" Two Grantors Still Living") Trust Account is required to be opened by either Grantors or either Trustees using either Grantors social security numbers to report income on 1099's to the IRS;

8.   Plaintiff contacted the IRS inquiring with regard to any 1041s that where filed under the Trust EIN of 20-6740154 from 2005 to present, and no 1041 Tax Returns were ever filed;

9.    Plaintiff has contacted the IRS inquiring with regard to any 1099 under the Trust EIN of 20-6740154, which were not filed under the William A. Powell Agreement of Trust dated February 3, 1988, and allegedly amended February 10, 1988;

10.   Plaintiff discovered a "Revocable" (Individual) Living Trust; the grantor reports the income on their personal Federal Income Tax Return ("1040").  When the grantor, who is also the trustee, dies the new trustee is responsible for distributing the trust property to the beneficiaries named in the trust document **(attached as Exhibit "G")**;

11.   Pursuant to Page 4-3 of the Trust, "the FAMILY TRUST shall run for the use and benefit of the Grantor's children until such time as there is not living child of Grantor under the age of twenty-five (25) years **(attached as Exhibit "H")**;

12.   That Andrea L. Powell and William E. Powell are the only children of the Grantor, William A. Powell, and both are over the age of twenty-five (25) years;

13.   Pursuant to Page 4-4, the Trust states "in relevant part after the beneficiaries are twenty-five (25) years old, the Trustee shall divide the body or corpus of the trust property and estate into two (2) unequal portions hereinafter designated the ANDREA L. POWELL TRUST, which shall contain sixty-five (65) percent of the trust property and estate and WILLIAM E. POWELL TRUST which shall contain thirty-five (35) percent of the trust property and estate **(attached as Exhibit "I")**;

14.   On Page 4 of the First Amendment  states" residue and remainder thereof and as when he and she shall arrive at the age of forty (40) years, and thereafter free and discharge of the trusts of hereof.," which Plaintiff turned forty (40) years old in 2005 **(attached as Exhibit J)**;

15.   On Page 4 of the alleged Amendment to the Trust the Grantor confirms the allocations between Andrea L. Powell and William E. Powell to be the same **(attached as Exhibit "K")**;

16.   Plaintiff discovered on the Account that the name of the Annuitant is Amelia L. Powell instead of the Grantor of the Trust, William A. Powell, as the required Annuitant, which was written-up by David M. Gottschalk **(attached as Exhibit "L")**;

17.   Plaintiff discovered First Allied closed the Account around 2013 after being notified by Plaintiff of Account 70981350 being allegedly illegally opened in 2005, after the death of the Decedent/Grantor/Trustee William A. Powell in 1992;

18.   Plaintiff discovered on the Account opened in 2005, Amelia L. Powell is listed as one (1) of the Successor Trustees, stated in a letter from Jennifer Mann, which it states in the alleged First Amendment page 1 **Commencing with the date of death of Grantor,  if, in the or inion of the trustee other than Grantor spouse**(attached as Exhibit "M");

19.   Plaintiff received a letter from Jennifer Mann stating that Plaintiff, William E. Powell as a Beneficiary of William A. Powell, is not authorized to receive any information on the Contract or Brokerage Account under Account Number 70981350 **(attached as Exhibit "N")**;

20.   Plaintiff received a letter from Jennifer Mann indicating she received the First Amendment Plaintiff provided to First Allied Securities which illustrates First Allied Securities did not have the First Amendment on file when the Account was opened in 2005 **(attached as Exhibit "O")**;

21.   Plaintiff received a letter from First Allied Legal Department stating that Amelia L. Powell is the Sole Successor Trustee of the William A. Powell Agreement of Trust dated

February 3, 1988 **(attached as Exhibit "P")** since it was focused on Plaintiff not being

authorized to receive information on Account 70981350, instead of addressing the fact

that the Account with First Allied was opened in 2005 and using SSN xxx-xx-8608 which

is different and instead of the SSN of Grantor William A. Powell of xxx-xx-9840 and the

Grantor William A. Powell of the "Individual" Agreement of Trust death on March

20,1992;

22.    Page 14-1 of the Trust under Article XIV entitled APPOINTMENT OF SUCCESSOR

       TRUSTEE states "in relevant part that the Grantor shall be the Trustee and upon his

       death, Amelia L. Powell, Jerald D. Shatzman and Comerica Bank-Detroit shall become

       Successor Co-Trustees" **(attached as Exhibit "Q")**;

23.    The provision continues by allowing Comerica Bank to become the Sole Successor

       Trustee if either Amelia L. Powell or Jerald D. Shatzman is unable or unwilling to act as

       Successor Trustee;

24.    The second Paragraph on Page 14-1 of the Trust states that "any Trustee many resign

       effective thirty (30) days after written notice of intention to do so;"

25.    Continuing on Page 14-1 of the Trust, the second Paragraph also states that "a Successor

       or Successor Trustee may be appointed by Grantor, or by all the beneficiaries entitled to

       receive income of said trusts or by legal representatives;"

26.    In addition, the Trust on Page 14-2 "allows the Grantor's spouse, Amelia L. Powell to

       remove any Corporate Banking Trustee only upon first appointing a Successor Corporate

       Banking Trustee or Co-Trustee to act" **(attached as Exhibit "R")**;

27.    The alleged First Amendment on Page 1, Paragraph 1 states that the Trustees "other than

       Grantor's" spouse shall have discretionary power to invade the Trust for the benefit of

10

Grantor's spouse, but only upon exhaustion of the SPOUSE'S TRUST" **(attached as Exhibit "S")**;

28. On or about June 29, 1992, Comerica Bank declined to act as Successor Co-Trustee of the William A. Powell Agreement of Trust **(attached as Exhibit "T")** and on or about July 15, 1992, Jerald D. Shatzman also declined to act as Successor Co-Trustee of the William A. Powell Agreement of Trust **(attached as Exhibit "U")**;

29. William E. Powell is more than forty (40) years old and has attempted to exercise such rights of obtaining Brokerage Account information on Account 70981350 with First Allied and was denied; and,

30. Defendant First Allied never acknowledged the alleged illegal fraudulent opening of the Brokerage Account with the Account Number of 70981350 after the Decedent, Grantor and Trustee William A. Powell death's on March 20, 1992.

## TOLLING OF STATUE OF LIMITATIONS

1. Plaintiff states, alleges, and incorporates herein by reference, the preceding paragraphs as though fully set forth herein;

2. First Allied conduct was, is, and by its nature, self-concealing. First Allied, and its co-conspirators, through a series of affirmative acts and/or omissions, have suppressed the dissemination of truthful information regarding the illegal conduct and have actively barred Plaintiff from learning of their illegal, unfair and/or deceptive acts; and,

3. By reasons of the foregoing, the allegations of Plaintiff are timely under applicable statute of limitations, pursuant to the discovery rule, the equitable tolling doctrine, and fraudulent concealment.

**WHEREFORE**, the Petitioner prays this Honorable Court grant the following relief:

A.      Damages from First Allied Securities to Plaintiff and Selik Wealth Management to Plaintiff in the amount of Two Hundred Thousand ($300,000.00) Dollars and 00/100 each for the hardship of repaying Plaintiff's student loans and other financial obligations, the allegations of allegedly opening the fraudulent Account, and for withholding the Account information as a legal Beneficiary from First Allied **(attached as Exhibit "V")**;

B.      Plaintiff demands a **"PHOTOCOPY"** of the 1099s and W-9s under the Grantor, William A. Powell, of the William A. Powell Revocable Living Trust under the SSN xxx-xx-9840 or the Trust EIN 20-6740154 or any 1099s under Account Number #70981350, in the name of the William A. Powell Revocable Living Trust dated February 10, 1988, reported to the IRS from 2005 to present date;

C.      Plaintiff demand a **"PHOTOCOPY"** of the Trust Agreement submitted in 2005 from David M Gottschalk, of Selik and Gottschalk Wealth Management to First Allied Securities to open the account in 2005;

D.      Plaintiff demands a **"PHOTOCOPY"** of the initial Contract with the Agents name and firm and the policyholder name and social security number who opened up the account in 2005 for Account 70981350 under the William A. Powell Revocable Living Trust dated February 10, 1988;

E.    Plaintiff demands the **"ORIGINAL"** of the initial Contract for Account 70981350 under the William A. Powell Revocable Living Trust dated February 10, 1988 for inspection; and,

F.    Plaintiff demands a **"PHOTOCOPY"** of the initial financial statement from 2005 to present for account 70981350 under the William A. Powell Revocable Living Trust dated February 10, 1988;

G.    Plaintiff demands a **"PHOTOCOPY"** of transfer of ownership on any securities from 2005 to present for account 70981350 under the William A. Powell Revocable Living Trust dated February 10, 1988;

H.    Such other relief the Court deems just and fair.

Respectfully submitted,

Dated:  September 15, 2014

_/s/ William E. Powell_
**Plaintiff's Signature**

William E. Powell           .
**Plaintiff's Printed Name**

14565 Glastonbury           .
**Stress Address**

Detroit, Michigan 48223           .
**City, State, Zip Code**

(313) 493-9478           .
**Telephone Number**

## TABLE OF EXHIBITS

| **Exhibit** | **Description** |
|---|---|
| A | Last Will and Testament of William A. Powell |
| B | Page from Probate Estate File |
| C | Docket Sheet of Probate Estate File of William A. Powell (No Proof of Service) |
| C1 | Statement from Bear Stearns in regards to account 70981350 |
| C2 | Subpoena and Certified Mail Receipt |
| C3 | Letter and envelope from First Allied and USPS Tracking of Letter |
| D | Correspondence from Plaintiff to First Allied Securities |
| E | Certified Death Certificate of William A. Powell |
| F | First Allied Securities Statement |
| G | Revocable Living Trust Agreement |
| H | P. 4-3 of the William A. Powell Agreement of Trust dated February 3, 1988 ("Agreement of Trust") |
| I | P. 4-4 of Agreement of Trust |
| J | P. 4 of the Alleged First Amendment of the William A. Powell Agreement of Trust dated February 10, 1988 |
| K | P. 4 of the Alleged First Amendment of the William A. Powell Agreement dated February 10, 1988 |

1

L      First Allied Statement

M      Page 1 First Amendment

N      Correspondence from Attorney Jennifer of First Allied Securities

O      Correspondence from Attorney Jennifer of First Allied Securities

P      Correspondence from Jennifer Mann of First Allied Securities

Q      P. 14-1 of Agreement of Trust (Appointment of Successor Trustee)

R      P. 14-2 of Agreement of Trust (Continuation of Appointment of Successor Trustee)

S      P. 1 of First Amendment

T      Comerica Bank Declination to Act dated June 29, 1992

U      Attorney Jerald D. Shatzman Declination to Act dated July 15, 1992

V      Plaintiff's Financial Aid Debt with Sallie Mae

# EXHIBIT A

# Last Will and Testament

OF

WILLIAM A. POWELL

I, WILLIAM A. POWELL, of Detroit, Wayne County, Michigan, do make, publish and declare this to be my Last Will and Testament, in the manner following, hereby revoking all Wills and Codicils by me at any time heretofore made.

I

I direct that all my legal debts, the expenses of my last illness, funeral and burial expenses, and the expenses of administering my estate, together with all estate, inheritance, legacy, succession or similar duties or taxes (other than any tax on generation skipping transfers) which shall become payable in respect of any property, or interest therein, which I may own at the time of my death, and which is properly includible in my gross estate for any such taxation purposes, shall be charged to and paid from my residuary estate; provided, however, that any provisions to the contrary relating to the payment of said taxes in my Agreement of Trust, described below, shall govern instead. My Personal Representative shall not seek recovery or reimbursement from, or apportionment between or among the recipients of any such property or interest. I direct my Personal Representative to seek reimbursement for any tax attributable to any interest I may have in a "qualified terminable interest" trust created by my wife.

II

I give and bequeath all my personal effects, household furniture and furnishings, silver, glass, porcelain, jewels, furs, books and papers, pictures and photographs, to my wife, AMELIA L. POWELL, if she shall survive me, without claim, however, to any of such tangible personal

perty which may belong to or be owned by my wife, but if she shall not

rive me, then I give and bequeath all of the same to my children, to be

ally divided among them by agreement.

### III

I give, devise and bequeath all of the rest, residue and

ainder of my property of whatever kind and wherever located that I own

my death or that I have any right to or interest in, including any of

: foregoing gifts in this Will which for any reason fail to take effect;

: excluding any property over which I shall then have any power of

pointment, it being my intention not to exercise any power of

pointment I may have except as it may be exercised specifically by other

ovisions of this Will;  all of which is herein referred to as my

siduary estate, to my wife, AMELIA L. POWELL, JERALD D. SHATZMAN of West

oomfield, Michigan and COMERICA BANK - DETROIT, Detroit, Michigan, a

chigan banking corporation, or that person or those persons or that

stitution acting as Successor Trustee or Successor Co-Trustees under a

rtain Agreement of Trust previously executed by me as Grantor, bearing

ite of February 3, 1988 , to be held, managed and

istributed upon the terms, provisions and conditions as provided in said

rust Agreement as it now exists or as it may subsequently be amended.

A.  By this devise and bequest it is my intention to enlarge the

rust created by said Agreement (which trust has independent significance)

o that the property so devised and bequeathed to said Trustee shall

mmediately after being received by said Trustee be integrated with and

:hereafter administered and accounted for in all aspects as an integral

bart of said trust as so enlarged, and accordingly the receipt of said

Trustee for the property passing to it by this Will shall be a complete

lischarge and acquittance to my Personal Representative.

WILLIAM A. POWELL, Testator

B.    In the event the trust hereinbefore identified shall be for any reason nonexistent and of no force or effect, or in the event it shall be determined by my Personal Representative in her sole discretion, that the integration of the property and estate as hereinbefore provided shall be inadvisable or impossible of accomplishment or if the devise and bequest hereof shall be held invalid, I direct that said residue of my property and estate shall be held, managed and disposed of under and in pursuance of the provisions of said Agreement of Trust by the Trustee therein named, incorporating herein said instrument by reference.

IV

I nominate, constitute and appoint my wife, AMELIA L. POWELL, as my Personal Representative of this my Last Will and Testament.   In the event of her incapacity or unavailability to serve due to death, resignation or for any other reason, I nominate and appoint my daughter, ANDREA L. POWELL of Southfield, Michigan and JERALD D. SHATZMAN of West Bloomfield, Michigan, to serve as my Successor Co-Personal Representatives.   In the event of the incapacity or unavailability to serve due to death, resignation or for any other reason of either ANDREA L. POWELL or JERALD D. SHATZMAN, I nominate and appoint the survivor and COMERICA BANK - DETROIT, Detroit, Michigan, a Michigan banking corporation, to serve as Successor Co-Personal Representatives.   In the event of the incapacity or unavailability to serve due to death, resignation or for any other reason of both ANDREA L. POWELL and JERALD D. SHATZMAN, I nominate and appoint COMERICA BANK - DETROIT to serve as Sole Successor Personal Representative.   I give unto said Personal Representative or any Successor Personal Representative hereinafter referred to as my Personal Representative, full power to sell, mortgage, hypothecate, invest, reinvest, exchange, borrow money with or without

Personal Representative shall not qualify any such trust when it would not reduce my Federal Estate Tax Liability.

    D.   If, at the time of my death, I am the owner of any business, whether as a sole proprietor or holder of fifty (50%) percent or more of the outstanding stock of a corporation, I hereby authorize my Personal Representative to continue such business so long as she shall deem it to be in the best interests of my beneficiaries and to exercise all powers with respect to such business which I could exercise if living.   This shall include, but not by way of limitation, the power to sell or liquidate said business at such price and upon such terms as my Personal Representative shall consider proper; to name or change officers, directors or employees and the power to expand, limit, alter, incorporate, merge or reconstitute such business in any way she deems advisable.   In the absence of actual notice to the contrary, my Personal Representative may accept as correct, financial or other statements rendered by the managers of the business or corporation from time to time as to its condition and operations.   Any corporation in which I have a substantial or controlling interest shall be regarded as an entity separate from my estate, and no account as to its business or operations shall be required to be made to any Court.   If such business is retained or continued by my Personal Representative, she shall receive such compensation in addition to that to which she would otherwise be entitled as my Personal Representative as will reasonably compensate her for her additional services in the management and operation of such business and she shall in no way be liable for any loss resulting from such retention or continuance or from the operation of such business or the acts of its officers and directors, except where such loss is the result of their misconduct or gross negligence.

security, manage, control and in any way use and deal with any and all property of my estate during the administration thereof in such manner as my Personal Representative in her sole discretion may deem best, without any application to Court for leave or confirmation unless the same be expressly required by law. I hereby direct that my Personal Representative not be required to furnish bond, but should bond be required by any Court, then I request that only a nominal bond be required.

A. In the general administration of my estate where it is permitted by law to claim expenses as either income or estate tax deductions, my Personal Representative may, but shall not be required to, make such adjustment between income and principal as my Personal Representative shall deem proper. My Personal Representative shall not be accountable or responsible to any person interested in my estate for the manner in which she shall exercise such election and the decision of my Personal Representative with respect to any adjustment between income and principal shall be binding and conclusive upon all persons interested in my estate.

B. No specific powers given in this instrument to my Personal Representative shall operate to limit or circumscribe the general powers, or any of them, given by this instrument, it being my intention to confer on my Personal Representative the broadest, fullest and most complete power and authority; and my Personal Representative may exercise all such power and authority in such manner, and to such extent, as to her, in her sole and absolute discretion, shall seem advisable and desirable.

C. My Personal Representative shall qualify any eligible terminable interest trust provided in my aforesaid Trust Agreement for the Marital Deduction on any Federal Estate Tax return filed. However, my

V

If my wife, AMELIA L. POWELL, and I shall die under such circumstances that the order of our deaths cannot be established by proof, then, and in such event, it shall be deemed that she shall have survived me. No other person to whom any gift, devise, legacy, or interest is given by the terms of this Will shall be deemed to have survived me, who shall have died under such circumstances that the order of deaths cannot be established by proof.

VI

The provisions of this my Last Will and Testament shall be interpreted pursuant to the domestic internal law of the State of Michigan, in which state I have my domicile.

IN WITNESS WHEREOF, I, WILLIAM A. POWELL, hereunto set my hand and seal this _____ day of __February__ , 1988.

_William A. Powell_ L.S.
WILLIAM A. POWELL

Signed, published and declared by WILLIAM A. POWELL, the Testator above named as and for this Last Will and Testament, consisting of this and six (6) other sheets of paper, in the presence of us, who, in his presence and at his request, and in the presence of each other, have hereunto set our names as Witnesses, on the day and year above written.

Julie a. Brown _____ residing at _18134 Lahser_

_Detroit, MI 48219_

Judith R. Rull _____ residing at _2108 Somerset_

_Bloomfield Hills, MI 48013_

Kevin S. Edwards _____ residing at _23830 Overlook Circle_

_Birmingham, MI 48010_

# EXHIBIT B

STATE OF MICHIGAN PROBATE COURT
COUNTY OF:

WAYNE     5 4 9

**ORDER FOR INTERIM PAYMENT OF MICHIGAN INHERITANCE TAX**

no. Reg. 92-504136-IE

| Liber* | Order* |
|---|---|

Estate of (decedent's first, middle initial and last name)

William A. Powell, Deceased

Decedent's Social Security Number
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

Decedent was a resident of (city and state):

Detroit, Michigan

Date of Death
March 20, 1992

Name and Address of Person Filing This Petition

Ameila L. Powell
4761 W. Outer Dr.
Detroit, MI 48235

Check one
[X] Personal Representative

[ ] Trustee

[ ] Beneficiary

This court orders the person filing this petition to pay the following amount as an
interim payment of Michigan Inheritance Tax.

Amount of Tax $ -0-
Collection Fee $ -0-
Total $ -0-

*Entered in Cashbook #5*

Penalty and interest applies pursuant to P.A. 188 of 1899, as amended.

Signature of Judge of Probate*    MTM Martin T. Maher    m.w.

Date of Order*
7-27-93

*To be completed by the probate court.

## REQUEST FOR EXTENSION OF TIME TO FILE A MICHIGAN INHERITANCE TAX RETURN

Complete this section when you make your first payment. When making subsequent payments,
complete this section only if you wish to request additional time for filing.

[ ] 9 months from date of death.

[ ] 14 months from date of death.

[X] 30 days after receiving the closing letter from the IRS on the
Federal Estate Tax Return.

### Payment Instructions

Regardless of the time granted for filing, you must
pay 50% of the total tax liability by the due date. An
additional 25% must be paid within 9 months of the
date of death. The balance must be paid on or before
the expiration of the extension.

### Reason for Extension

When the first request for extension of time to file the Michigan Inheritance Tax Return

was made on August 31, 1992 and an interim payment of $1,000 was made (Liber 374, Order

We now realize the gross estate exceeds $600,000 and a Federal Estate Tax Return must

filed.

### Signature

*I declare, to the best of my knowledge and belief, that these statements are true and
complete, and that I have been properly authorized by the estate to file this request.*

Signature of Person Filing Information

Date
07/23/93

You may assume your request has
been granted unless you hear from
Department of Treasury. Notification
will be sent for denials only.

Do not write below this line - For court use only

# EXHIBIT C

## 1992-504136-DE

| | |
|---|---|
| Case Type: | DE-Dec Estate Non-Supervised |
| File Date: | 04/01/1992 |
| Next Event: | |

Case Status: Closed
Case Judge: Maher, Martin T

All Information    Party    Event    Docket    Linked Case    Financial    Receipt    Disposition

### Party Information

**POWELL, WILLIAM A** - Decedent

DOB
DOD        03/20/1992

Alias

Attorney/Bar Code                    Phone Number

More Party Information

**POWELL, WILLIAM E** - Petitioner

DOB
DOD

Alias

Attorney/Bar Code                    Phone Number

More Party Information

**Powell, William E** - Nominee Party

DOB
DOD

Alias

Attorney/Bar Code                    Phone Number

More Party Information

**GUIDOBONO, MARI A** - Interested Person

DOB
DOD

Alias

Attorney/Bar Code                    Phone Number

More Party Information

**POWELL, ANDREA L** - Interested Person

DOB
DOD

Alias

Attorney/Bar Code                    Phone Number

More Party Information

**SHATZMAN, JERALD D** - Interested Person

DOB
DOD

Alias

Attorney/Bar Code                    Phone Number

More Party Information

**POWELL, AMELIA L** - *Ind Pers Rep Testate

DOB
DOD

Alias

Attorney/Bar Code                    Phone Number
BENTON, LAWRENCE J (34808)          (248)642-4200

More Party Information

## Events

| Date/Time | Location | Type | Result | Event Judge |
|---|---|---|---|---|
| 10/04/2011 08:30 AM | Judge Martin T. Maher Room 1309 | PRE Application/Petition to Reopen | Dismissed - Initial Petition Only (Closes Case) | Maher. Martin T |

## Docket Information

| Date | Docket Text | Amount |
|---|---|---|
| 04/01/1992 | AOT ACCEPTANCE OF APPOINTMENT      IPT-POWELL, AMELIA L. Attorney: BENTON, LAWRENCE J (34808) | |
| 04/01/1992 | LETE LETTERS OF AUTHORITY-DE      Judge:      AMELIA L POWELL IND PER REP TESTATE | |
| 04/01/1992 | COP PET COMMENCEMENT PROCEEDING      IND Attorney: BENTON, LAWRENCE J (34808) | |
| 04/01/1992 | OAW ORDER ADMITTING WILL Attorney: BENTON, LAWRENCE J (34808) | |
| 04/01/1992 | IPR ORD APPT INDEPENDENT PER REP   AMELIA L. POWELL W/AOT T/B    FLD. Attorney: BENTON, LAWRENCE J (34808) | |
| 04/01/1992 | CNI CLAIMS NOTICE INDEP PROBATE Attorney: BENTON, LAWRENCE J (34808) | |
| 04/01/1992 | LETE LETTERS OF AUTHORITY-DE      Judge:      AMELIA L POWELL IND PER REP TESTATE | |
| 04/01/1992 | LETE LETTERS OF AUTHORITY-DE      Judge:      AMELIA L POWELL IND PER REP TESTATE | |
| 08/31/1992 | TAO INHERITANCE TAX ORDER      L#374/O#426 Attorney: BENTON, LAWRENCE J (34808) | |
| 02/08/1993 | TAX INHERITANCE TAX RECEIPT FILED  L-374/O-426 Attorney: BENTON, LAWRENCE J (34808) | |
| 07/01/1993 | NOT NOTICE OF DELINQUENCY      IPT   7 IND PER REP COMPL/OM Attorney: BENTON, LAWRENCE J (34808) | |
| 07/26/1993 | RIP CONTINUE PENDENCY      IPT-POWELL, AMELIA L Attorney: BENTON, LAWRENCE J (34808) Result: GTD GRANTED | |
| 07/26/1993 | TAO INHERITANCE TAX ORDER Attorney: BENTON, LAWRENCE J (34808) | |
| 07/07/1994 | NOT NOTICE OF DELINQUENCY      IPT   7 IND PER REP COMPL/OM Attorney: BENTON, LAWRENCE J (34808) | |
| 07/27/1994 | TAO INHERITANCE TAX ORDER      L-390/O-280 Attorney: BENTON, LAWRENCE J (34808) | |
| 10/13/1994 | NSP NOTICE OF SUSPENSION REQUESTED ORDER SUSPEND IPT.      IPT-POWELL, AMELIA L. Attorney: BENTON, LAWRENCE J (34808) | |
| 10/13/1994 | SPO FIDUCIARY IS SUSPENDED      IPT   10 ORD SUSP FIDUCIARY Attorney: BENTON, LAWRENCE J (34808) | |
| 11/15/1994 | CIS CLOSING STATEMENT      IPT-POWELL, AMELIA L. Attorney: BENTON, LAWRENCE J (34808) | |
| 11/15/1994 | PIS PETITION FOR COURT SUPERVISION Attorney: WISEMAN, MICHAEL D (31118) Result: GTD GRANTED 11/15/1994 | |
| 11/15/1994 | ORD ORDER      PARTIAL SUPVSN GRTND AND      POWERS OF IPR REINSTATED. Attorney: WISEMAN, MICHAEL D (31118) | |

# EXHIBIT C1

(Page 2 of 3)

NOV-18-2005 14:03    ACATS    3476432618    P.02

Cav WFF

453195

**BEAR STEARNS**

ACATS RECEIVED NOV 1 4 2005 BY: ACAT REG'T PRG. CODE

447

Type of Transfer

**Information About Customer's Bear, Stearns Securities Corp. Account**

Name/Account Title: William L. Powell

Bear, Stearns Securities Corp. Account No.: 709-81350    Second SS#

**Information About The Account To Be Transferred**

Title of Account: William L. Powell Living Trust dated 2/10/88

Account Number: X13-159387

Address of Firm

**Complete This Section — If transferring from a Bank, Mutual Fund or Credit Union — DOES NOT APPLY TO BROKERAGE FIRMS**

You are hereby requested to:
- [X] Transfer all assets in kind
- [ ] Transfer proceeds (from Certificates of Deposit AT MATURITY)
- [ ] Liquidate all assets and transfer as cash
- [ ] Liquidate Certificates of Deposit IMMEDIATELY

**Complete This Section — To effect a non-ACAT transfer**

| Quantity | Description of Asset | Cash Balance (indicate credit or debit) |
|---|---|---|
| | "Transfer In Kind" | |

**Signatures**

Customer's Signature: X _Amelia L. Powell_    Date (must be Completed): 11-9-05

Joint Account Holders Signature / Plan Administrator: X

**Letter of Acceptance**

Bear, Stearns Securities Corp. FBO:

1 MetroTech Center North, Brooklyn, NY 11201

Retain Current Dividends / Capital Gains Option

Name of Registered Representative: D. Gottschall    Telephone No: (248) 290-5252

DELIVERING FIRM

FIMS_RETAIL_279959805

# EXHIBIT C2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

| | | |
|---|---|---|
| William E. Powell | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14:CV-12626 |
| | ) | |
| Internal Revenue Service | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: First Allied Securities

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Produce 1099's W-9's and account transaction ("statements"), contracts and documentation for the account 70981350 in regards to the William A. Powell Revocable Living Trust dated February 10, 1988 from 2005 to 2014. Produce and tax returns and 1099's in regards to any accounts in regards to the Powell Printing Company/Inc

| Place: William E. Powell | Date and Time: September 15, 2014 |
|---|---|
| 14565 Glastonbury Ave | 10:00 am |
| Detroit, Michigan 48223 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 27, 2014

*DAVID J. WEAVER, CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)  A. Palistrev i  C. Date of Delivery |
| 1. Article Addressed to: <br><br> First ALLied Securities <br> ATTN: Marian Vemhof <br> 655 W. Broadway 12th <br> Floor <br> San diego, CA 92101 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☒ Certified Mail® ☐ Priority Mail Express™ <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ Collect on Delivery <br> 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7014 1200 0001 4806 3872 |

PS Form 3811, July 2013      Domestic Return Receipt

# EXHIBIT C3

# first allied

September 11, 2014

William E. Powell
14565 Glastonbury Ave.
Detroit, MI 48223

Re:     Subpoena

Dear Mr. Powell,

The password to the documents sent via separate cover is

Sincerely,

Jennifer Mannan, Esq.
Associate General Counsel
First Allied Securities, Inc.

**firstallied**

655 W. Broadway, 12th Floor
San Diego, CA 92101

SAN DIEGO
CA 920
12 SEP 14
PM 8 L

U.S POSTAGE ≫ PITNEY BOWES

ZIP 92101   $ 000.48⁰
02 1W
0001379667 SEP 12 2014

William E. Powell
14565 Glastonbury Ave.
Detroit, MI 48223

4822322204665

# EXHIBIT D

Model Number: Kodak EasyShare 5500 All-in-One Printer

Fax Number:

Date/Time: 10/18/2012    4:49 PM

Fax Confirmation

| Date | Start Fax | Duration | Fax Type | To/From | Pages | Result |
|------|-----------|----------|----------|---------|-------|--------|
| 10/18/2012 | 4:46 PM | 2:39 | Sent | First Allied | 4 | OK |

## FACSIMILE TRANSMISSION

TO:          First Allied Securities

FAX #:       (619) 881-5189

FROM:        William E. Powell

RE:          Account # 709-81350

DATE:        October 18, 2012

SUBJECT:     William A. Powell Revocable Living Trust

NUMBER
OF PAGES:    4
(including cover sheet)

Please see attachment.

**William E. Powell**
**14565 Glastonbury Ave**
**Detroit, Michigan  48223**
**(248) 291-4074**

October 18, 2012

First Allied Securities

**Attn:  Escalation/Central Team**

I am writing you about some suspicious activity with regard to a policy with First Allied Securities. The policy with First Allied Securities is under the William A. Powell Revocable Living Trust with an account number of **709-81350**. The decedent, William A. Powell, passed away on March 20, 1992. I inquired some information from your financial institution pertaining to the account of the William A. Powell Revocable Living Trust. Your institution has managed this account for several years after the death of William A. Powell. A representative of your institution has indicated to me that there is not a "Death Certificate" on file notifying your institution of his death. When the account was opened, there should have been a "Death Certificate" notifying you all of his death. **A revocable trust becomes irrevocable at the death of the person who made the trust. The same provisions under Michigan law permitting the applicable probate court to enter an order amending, reforming or construing provision(s) of the trust**.

Amelia L. Powell is listed as the owner under her social security number instead of the social security number of William A. Powell, who is deceased, or the trust (E.I.N) number. I am suspecting the owner listed on your records is using her social security number instead of using the trust (E.I.N) number or the decedent's social security number not to alert the Internal Revenue Service of any taxable event with the Trust.

The Company (Selik and Gottschalk Wealth Management) and Agent (David Gottschalk), a prior advisor with First Allied Securities who was the advisor with your institution, should have known the decedent had passed away if the Grantor or Settler did not come into the office himself to open up the account. Second, when opening up an account for a trust the Grantor/Settlor's social security number or trust E.I.N number should have been applied to the contract for ownership of the annuity.

I hope your institution will take this matter very seriously because of the tax related issues that follow with the Internal Revenue Service. If your institution has been sending 1099s for thirteen (13) years or more under Amelia L. Powell social security number other than the decedent's

First Allied Securities
October 17, 2012
Page 2

social security number or the trust E.I.N. number is possible fraud with the Internal Revenue Service. Once again, the decedent William A. Powell has been deceased since March of 1992.

I have done some research about David M. Gottschalk background. David M. Gottschalk was arrested for numerous allegations of financial fraud and mishandling of investor funds. I have received a call from a representative of First Allied Securities after I requested information on "any" accounts with First Allied Securities. The representative stated to me, I would have to have a power of authority to get information on the account, but I'm one of the successor-trustee of the decedents trust. The problem is with personal representative Amelia L. Powell and your prior employee David M. Gottschalk. I suspect there is some serious fraud pertaining to accounts under the William A. Powell Revocable Trust or under William A. Powell with your institution and the Internal Revenue Service. I believe this issue needs to be address with First Allied Securities with correspondence with the Internal Revenue Service, pertaining with this suspicious fraudulent activity pertaining to the William A. Powell Revocable Living Trust.

I have enclosed a copy of the decedent's "Death Certificate" for your verification. If you have any questions with regard to these allegations, please do not hesitate to contact me at (248) 291-4074. **Once again, the decedent William A. Powell has been deceased since March of 1992.**

I thank you for your time and consideration and look forward to hearing from you in the near future and a expedient response pertaining with regard to this serious matter.

Sincerely,


William E. Powell

Enclosure

/wep

# EXHIBIT E

STATE OF MICHIGAN
DEPARTMENT OF PUBLIC HEALTH
CERTIFICATE OF DEATH

№ 0120198

002082

WILLIAM ANDREW POWELL — MALE — MARCH 24, 1992

61

NOVEMBER 29, 1930 — WAYNE

4761 W. OUTER DRIVE — DETROIT

368 30 9840 — RESEARCH ENGINEER — ENGINEERING

4761 W. OUTER DRIVE

MICHIGAN — WAYNE — DETROIT

LITTLE ROCK — ARKANSAS — MARRIED — AMELIA L. ZEIGLER — NO

44235

AFRO AMERICAN — BLACK

ANDREW POWELL — ALBERTA ANDERSON

AMELIA L. POWELL — 4761 W. OUTER DRIVE  DETROIT, MICHIGAN  48235

BURIAL — EVERGREEN CEMETERY — DETROIT, MICHIGAN

5255 — McFALL BROTHERS FUNERAL HOME INC.
9419 DEXTER BLVD.  DETROIT, MICHIGAN  48206

Squamous Cell Carcinoma of the Lung — 5 months

Hypertension — NO

March 24, 1992 — 8:30 A.M.

Arturo Pascual, M.D., 2799 W. Grand Blvd, Detroit, MI 48202 — 033688

Gloria J. Harper — MAR 2 5 1992

THIS CERTIFIES THAT THE ABOVE IS A TRUE COPY OF FACTS
RECORDED ON THE RECORD OF THE PERSON NAMED HEREON, AS
FILED AT THE DETROIT DEPARTMENT OF HEALTH.

Coleman A. Young, Mayor
City of Detroit

MAR 2 5 1992

GLORIA J. HARPER
REGISTRAR, VITAL RECORDS
DETROIT DEPARTMENT OF HEALTH

DATED

# EXHIBIT F

**2006 DETAILED INCOME STATEMENT**

Page 1

INTRODUCING FIRM
**First Allied Securities, Inc.**

Telephone Number:

RECIPIENT'S Name, Street Address, City, State, and Zip Code
WILLIAM A POWELL REV LIV TRUST
DTD 02/10/1988
AMELIA L POWELL TTEE
29252 W CHANTICLEER DR
SOUTHFIELD MI 48034-6904

| Payer's Federal ID Number | Account Number |
|---|---|
| Recipient's ID Number | Account Executive |

Original 12/29/06 ☐ 2nd TIN Notice

THIS STATEMENT INCLUDES TAXABLE, TAX EXEMPT AND NON REPORTABLE 2006 INCOME. KINDLY CONTACT YOUR ACCOUNT EXECUTIVE WITH ANY QUESTIONS.

| DATE | DESCRIPTION | DISTRIBUTION | AMOUNT | COMMENT |
|---|---|---|---|---|
| | **DIVIDENDS** | | | |
| 01/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 0.98 | |
| 02/28 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 0.93 | |
| 03/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.05 | |
| 04/28 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.07 | |
| 05/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.17 | |
| 06/30 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.17 | |
| 07/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.28 | |
| 08/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.29 | |
| 09/29 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.25 | |
| 10/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.30 | |
| 11/30 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.26 | |
| 12/29 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.31 | |

**TOTAL DIVIDENDS**
TAXABLE NON-QUALIFIED DIVIDENDS
TOTAL TAXABLE DIVIDENDS

14.06
14.06 /

**END OF 2006 DETAILED INCOME STATEMENT**

APOWEL 000026

THIS STATEMENT IS NOT A SUBSTITUTE FOR FORM 1099 AND IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY

L00309037S L010 CLT# 027 PAGE0294520F BRIACCT 709-01350 01/27 12:30 L003 SI0237426

# EXHIBIT G

# What Happens When a Grantor Dies: An Overview

Individual Trust
Shared Trust

The process works differently depending on whether you made an individual living trust or a shared trust with your spouse or partner.

Back to top

## Individual Trust

When the grantor, who is also the trustee, dies, the successor trustee named in the Declaration of Trust takes over as trustee. The new trustee is responsible for distributing the trust property to the beneficiaries named in the trust document.

The trust continues to exist only as long as it takes the successor trustee to distribute trust property to the beneficiaries.

The successor trustee is also in charge of managing any property left to a young beneficiary in a child's subtrust. A subtrust will exist until the beneficiary is old enough to get the property outright (at the age specified in the trust document), so if there's a subtrust the successor trustee may have years of work ahead. (See Administering a Child's Subtrust.)

If trust property inherited by a young beneficiary is to be managed by a custodian under the Uniform Transfers to Minors Act, the person named as custodian will be responsible for that property. That person may or may not be the successor trustee. (See Administering a Custodianship.)

### The Successor Trustee's Duties: Individual Trust

- Notify beneficiaries that the trust exists, if necessary.
- Get an appraisal of valuable trust property.
- Prepare an Affidavit of Assumption of Duties.
- Distribute trust property to beneficiaries named in the trust document.
- Manage trust property left in a child's subtrust, if any.
- File the deceased grantor's final income tax returns. (This is the responsibility of the executor of the estate.)

Back to top

# Shared Trust

When a couple creates a basic probate-avoidance living trust, both grantors are trustees. When the first one dies, the survivor becomes sole trustee.

The trust itself is automatically split into two trusts:

- Trust #1 contains the deceased grantor's share of trust property, excluding any trust property left to the survivor. Its terms cannot be changed, and it cannot be revoked.
- Trust #2 contains the survivor's share, including any of the deceased grantor's share of the trust property that is left to the survivor. (The Declaration of Trust provides that trust property left to the survivor does not go to that person outright but instead stays in the living trust. If it did not contain such a provision, the property wou'd have to be transferred from the living trust to the survivor and then, if the survivor wanted it to avoid probate, back to the living trust again.) The survivor is still free to revoke Trust #2 or amend its terms.

The survivor is sole trustee of Trust #1, Trust #2 and any children's subtrusts set up for the deceased grantor's young beneficiaries. (See Administering a Child's Subtrust.)

It's the survivor's job to distribute the property in Trust #1 to the beneficiaries the deceased grantor named in the trust document. If, as is common, much of the trust property is left to the survivor, that person will have little to do -- the trust property he or she inherits is already in the living trust and does not need to be transferred. (More about this later.)

Trust #2 goes on as before, as a revocable living trust. It contains only the survivor's property, and the survivor is free to change any terms of the trust. For example, the survivor may want to amend the trust document to name beneficiaries for the property inherited from the deceased grantor.

> **EXAMPLE:** Edith and Jacques create a shared living trust. They transfer their house, which they own together, into the trust and name each other as beneficiaries. Edith names her son as alternate beneficiary.
>
> When Jacques dies, Edith inherits his half interest in the house. Because of the way the trust document is worded, she doesn't have to change the trust document to name a beneficiary for this half interest in the house. Both halves will go to her son at her death. She may, however, want to amend the trust to make her son the primary beneficiary and name someone else to be alternate beneficiary.

When the second grantor dies, the successor trustee named in the trust document takes over as trustee. The process of winding up the living trust is the same as that for an individual trust. (See Individual Trust.)

**EXAMPLE:** Harry and Maude, a married couple, set up a basic revocable living trust. They appoint Maude's cousin Emily as successor trustee, to take over as trustee after they have both died. They transfer ownership of much of their co-owned property to the trust. Maude also puts some family heirlooms, which are her separate property, in the living trust.

In the trust document, Maude leaves her heirlooms to her younger sister. She leaves her half of the trust property she and Harry own together to Harry.

When Maude dies, Harry becomes the sole trustee. Following the terms of the trust document, he distributes Maude's heirlooms (Trust #1) to her sister, without probate. Maude's half of the property they had owned together stays in the trust (Trust #2); no transfer is necessary.

After Maude's death, Harry decides to amend the trust document to name his nephew, Burt, as successor trustee instead of Maude's cousin Emily. When Harry dies, Burt becomes trustee and distributes the trust property following Harry's instructions in the trust document. When he has given all the property to Harry's beneficiaries, the trust ends.

### The Surviving Grantor's Duties: Shared Trust

- Get an appraisal of valuable trust property.
- Prepare an Affidavit of Assumption of Duties.
- Distribute the deceased grantor's share of the trust property to beneficiaries named in the trust document.
- Manage property left in a child's subtrust, if any.
- File tax returns, if necessary. (This is the executor's responsibility, if a will named someone else as executor of the estate.)

Back to top

# EXHIBIT H

DEC 05 2005

expend from time to time such part of the principal of this SPOUSE'S TRUST estate as it may deem necessary to make up such deficiency or meet such emergency.

3. Upon the death of Grantor's spouse, the Trustee shall distribute from this trust to the fiduciary of her estate an amount equal to all state inheritance tax and, upon request, an amount equal to the Federal estate tax, attributable to the inclusion of this trust in her taxable estate and the balance shall be added to and administered under the provisions of the FAMILY TRUST established under Paragraph B. hereof.

B.   FAMILY TRUST:

Subject to the foregoing, all of the rest, residue and remainder of the trust property shall be segregated and allocated by the Trustee for the following uses and purposes:

1. Upon Grantor's death, the FAMILY TRUST shall continue to run for the additional period hereinafter provided for the benefit of Grantor's children and 'issue for the following uses and purposes:

(a)   The FAMILY TRUST shall run for the use and benefit of Grantor's children and issue until such time as there is no living child of Grantor under the age of twenty-five (25) years, and thereafter until each of Grantor's children, respectively, arrives at the ages hereinafter provided; and during the continuance of the trust hereof the Trustee shall use and expend, on behalf of the Grantor's children and issue, or any of them, the entire or such lesser portion of the net income, the accumulated income and such part of the principal sum from the trust property and estate as the Trustee, in its sole and uncontrolled discretion, may deem to be in the best interests of each of the beneficiaries, taking all facts into account then

4-3

# EXHIBIT I

**DEC 05 2005**

known to the Trustee.  The Trustee shall accumulate any surplus net income from the trust property and estate not distributed to the beneficiaries and shall maintain the same in a separate account for distribution as hereinafter provided.

As part of the wide discretionary authority herein bestowed upon the Trustee, but with no intention to in any way limit or circumscribe the Trustee's discretion, it is Grantor's wish that expenditures be made for the education of his children and issue if the Trustee believes such to be in their individual best interests.  As a matter of guidance to the Trustee, Grantor desires that such education shall include a college or university and professional or graduate school education for each beneficiary to the extent that the funds in the trust estate are considered by the Trustee to be sufficient for all purposes set forth.  There shall be no requirement that distributions of income or principal be made equally among Grantor's children and issue and the Trustee shall not be liable for any such decisions hereunder even though later events may prove such decisions to have been inequitable.

(b)  At such time as there is no living child of Grantor and Grantor's spouse under the age of twenty-five (25) years, the Trustee shall divide the body or corpus of the trust property and estate into two (2) unequal portions, hereinafter designated the ANDREA L. POWELL TRUST, which shall contain sixty-five (65%) percent of the trust property and estate, and the WILLIAM B. POWELL TRUST, which shall contain thirty-five (35%) percent of the trust property and estate.  The Trustee shall keep a separate book account concerning each of said trust estates or allocated parts and the respective beneficiaries thereof in such manner as to show that each of such trust estates has been definitely allocated to the

4--4

# EXHIBIT J

FIRST AMENDMENT

TO

WILLIAM A. POWELL AGREEMENT OF TRUST

THIS AMENDMENT is made on February 10, 1988 by and between WILLIAM A. POWELL of Detroit, Michigan, i his individual capacity (Grantor), and WILLIAM A. POWELL of Detroit, Michigan, in his fiduciary capacity (Trustee).

W I T N E S S E T H:

WHEREAS, On February 3, 1988, the Grantor executed an Agreement of Trust, and

WHEREAS, the Grantor wishes to amend his Agreement of Trust, and

WHEREAS, the Grantor retained the power to amend the Agreement of Trust in ARTICLE XII,

The parties agree that the WILLIAM A. POWELL AGREEMENT OF TRUST dated February 3, 1988, is amended as follows:

1.   Article 4, Paragraph B is hereby amended in its entirety to read as follows:

B.   FAMILY TRUST:  Subject to the foregoing, all of the rest, residue and remainder of the trust property shall be segregated and allocated by the Trustee for the following uses and purposes:

1.  Commencing with the date of death of the Grantor, if, in the opinion of the Trustee, other than Grantor's spouse, during the life of Grantor's spouse, the income herein provided, together with receipts from other sources known to the Trustee, shall not be sufficient to suitably support and maintain Grantor's spouse, or in the case of an emergency at any time befalling her such as illness, accident or extraordinary financial distress, then the Trustee, other than Grantor's

-1-

(b) At such time as there is no living child of Grantor and Grantor's spouse under the age of twenty-five (25) years, the Trustee shall divide the body or corpus of the trust property and estate into two (2) unequal portions, hereinafter designated the ANDREA L. POWELL TRUST, which shall contain sixty-five (65%) percent of the trust property and estate, and the WILLIAM E. POWELL TRUST, which shall contain thirty-five (35%) percent of the trust property and estate. The Trustee shall keep a separate book account concerning each of said trust estates or allocated parts and the respective beneficiaries thereof in such manner as to show that each of such trust estates has been definitely allocated to the respective trusts. As to any property incapable of exact division comprising the trust principal, it shall not be necessary for said Trustee to actually physically divide the same into as many parts as there may be trusts, but an undivided part thereof may be deemed and shall be duly evidenced by appropriate book entries to have been definitely allocated to each such trust.

(1) The Trustee shall pay to each child the entire net income from his or her said trust estate, in reasonable installments, during the continuance of the trust so set aside for his or her use and benefit. If, in the opinion of the Trustee, the income herein provided, together with receipts of the beneficiary from all sources known to the Trustee shall be insufficient for the support, maintenance and education of the beneficiary, or in the event of an emergency such as illness or financial distress, the Trustee may use such part of the principal as it shall deem appropriate to make up such deficiency or meet such emergency.

-4-

IN WITNESS WHEREOF WILLIAM A. POWELL has set his hand and seal as Grantor and Trustee.

WITNESS:

_Mary Ann Hudson_

_Mary Rae Olson_

_Mary Ann Hudson_

_Mary Rae Olson_

GRANTOR:

_William A. Powell_
WILLIAM A. POWELL

TRUSTEE:

_William A. Powell_
WILLIAM A. POWELL

STATE OF MICHIGAN    )
                     )SS.
COUNTY OF _Wayne_    )

On _Dec. 10_ , 1988 before me personally appeared WILLIAM A. POWELL, to me known to be the person described in and who executed this document and acknowledged that he executed the same as his free act and deed.

_Mary Rae Olson_
Notary Public,                    County,
Michigan

My commission expires:

MARY RAE OLSON
Notary Public, Oakland County, Michigan
Acting In _Wayne_ County, Michigan
My Commission Expires December 2, 1991

-9-

# EXHIBIT K

FIRST AMENDMENT

TO

WILLIAM A. POWELL AGREEMENT OF TRUST

THIS AMENDMENT is made on _February 10_, 1988 by and between WILLIAM A. POWELL of Detroit, Michigan, i his individual capacity (Grantor), and WILLIAM A. POWELL of Detroit, Michigan, in his fiduciary capacity (Trustee).

W I T N E S S E T H:

WHEREAS, On February 3, 1988, the Grantor executed an Agreement of Trust, and

WHEREAS, the Grantor wishes to amend his Agreement of Trust, and

WHEREAS, the Grantor retained the power to amend the Agreement of Trust in ARTICLE XII,

The parties agree that the WILLIAM A. POWELL AGREEMENT OF TRUST dated February 3, 1988, is amended as follows:

1.    Article 4, Paragraph B is hereby amended in its entirety to read as follows:

B.  FAMILY TRUST:  Subject to the foregoing, all of the rest, residue and remainder of the trust property shall be segregated and allocated by the Trustee for the following uses and purposes:

1.  Commencing with the date of death of the Grantor, if, in the opinion of the Trustee, other than Grantor's spouse, during the life of Grantor's spouse, the income herein provided, together with receipts from other sources known to the Trustee, shall not be sufficient to suitably support and maintain Grantor's spouse, or in the case of an emergency at any time befalling her such as illness, accident or extraordinary financial distress, then the Trustee, other than Grantor's

-1-

(b)  At such time as there is no living child of Grantor and Grantor's spouse under the age of twenty-five (25) years, the Trustee shall divide the body or corpus of the trust property and estate into two (2) unequal portions, hereinafter designated the ANDREA L. POWELL TRUST, which shall contain sixty-five (65%) percent of the trust property and estate, and the WILLIAM E. POWELL TRUST, which shall contain thirty-five (35%) percent of the trust property and estate.  The Trustee shall keep a separate book account concerning each of said trust estates or allocated parts and the respective beneficiaries thereof in such manner as to show that each of such trust estates has been definitely allocated to the respective trusts.  As to any property incapable of exact division comprising the trust principal, it shall not be necessary for said Trustee to actually physically divide the same into as many parts as there may be trusts, but an undivided part thereof may be deemed and shall be duly evidenced by appropriate book entries to have been definitely allocated to each such trust.

(1)  The Trustee shall pay to each child the entire net income from his or her said trust estate, in reasonable installments, during the continuance of the trust so set aside for his or her use and benefit.  If, in the opinion of the Trustee, the income herein provided, together with receipts of the beneficiary from all sources known to the Trustee shall be insufficient for the support, maintenance and education of the beneficiary, or in the event of an emergency such as illness or financial distress, the Trustee may use such part of the principal as it shall deem appropriate to make up such deficiency or meet such emergency.

IN WITNESS WHEREOF WILLIAM A. POWELL has set his hand and seal as Grantor and Trustee.

WITNESS:

GRANTOR:

_Mari Ann Hildoms_

_Mary Rae Olson_

WILLIAM A. POWELL

_Mari Ann Hildoms_

TRUSTEE:

_Mary Rae Olson_

WILLIAM A. POWELL

STATE OF MICHIGAN    )
                     )SS.
COUNTY OF _Wayne_    )

On _Oct. 10_ , 1988 before me personally appeared WILLIAM A. POWELL, to me known to be the person described in and who executed this document and acknowledged that he executed the same as his free act and deed.

_Mary Rae Olson_

**Notary Public,** _____ **County,**
**Michigan**

My commission expires:

MARY RAE OLSON
Notary Public, Oakland County, Michigan
Acting In _Wayne_ County, Michigan
My Commission Expires December 2, 1991

-9-

# EXHIBIT L

## 2006 DETAILED INCOME STATEMENT
Page    1

INTRODUCING FIRM
## First Allied Securities, Inc.

Telephone Number:

RECIPIENT'S Name, Street Address, City, State, and Zip Code
WILLIAM A POWELL REV LIV TRUST
DTD 02/10/1988
AMELIA L POWELL TTEE
29252 W CHANTICLEER DR
SOUTHFIELD MI  48034-6904

| Payer's Federal ID Number | Account Number |
|---|---|
| Recipient's ID Number | Account Executive |

Original 12/29/06    ☐ 2nd TIN Notice

THIS STATEMENT INCLUDES TAXABLE, TAX EXEMPT AND NON REPORTABLE 2006 INCOME. KINDLY CONTACT YOUR ACCOUNT EXECUTIVE WITH ANY QUESTIONS.

| DATE | DESCRIPTION | DISTRIBUTION | AMOUNT | COMMENT |
|---|---|---|---|---|
| | **DIVIDENDS** | | | |
| 01/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 0.98 | |
| 02/28 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 0.93 | |
| 03/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.05 | |
| 04/28 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.07 | |
| 05/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.17 | |
| 06/30 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.17 | |
| 07/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.28 | |
| 08/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.29 | |
| 09/29 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.25 | |
| 10/31 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.30 | |
| 11/30 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.26 | |
| 12/29 | RESERVE FUND PRIMARY PORTFOLIO | DIVIDEND, NON-QUAL | 1.31 | |

**TOTAL DIVIDENDS**
TAXABLE NON-QUALIFIED DIVIDENDS          14.06 ✓
TOTAL TAXABLE DIVIDENDS                  14.06 ✓

### END OF 2006 DETAILED INCOME STATEMENT

APOWEL 000026

THIS STATEMENT IS NOT A SUBSTITUTE FOR FORM 1099 AND IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY

L00X090375  L010  CLT# 027 PAGE0294600F BRIACCT 709-81250 01/27 12:30 L003    S0237426

# EXHIBIT M

**FIRST AMENDMENT**

**TO**

**WILLIAM A. POWELL AGREEMENT OF TRUST**

THIS AMENDMENT is made on February 10, 1988 by and between WILLIAM A. POWELL of Detroit, Michigan, i his individual capacity (Grantor), and WILLIAM A. POWELL of Detroit, Michigan, in his fiduciary capacity (Trustee).

**W I T N E S S E T H:**

WHEREAS, On February 3, 1988, the Grantor executed an Agreement of Trust, and

WHEREAS, the Grantor wishes to amend his Agreement of Trust, and

WHEREAS, the Grantor retained the power to amend the Agreement of Trust in ARTICLE XII,

The parties agree that the WILLIAM A. POWELL AGREEMENT OF TRUST dated February 3, 1988, is amended as follows:

1.    Article 4, Paragraph B is hereby amended in its entirety to read as follows:

B.   FAMILY TRUST:  Subject to the foregoing, all of the rest, residue and remainder of the trust property shall be segregated and allocated by the Trustee for the following uses and purposes:

1.   Commencing with the date of death of the Grantor, if, in the opinion of the Trustee, other than Grantor's spouse, during the life of Grantor's spouse, the income herein provided, together with receipts from other sources known to the Trustee, shall not be sufficient to suitably support and maintain Grantor's spouse, or in the case of an emergency at any time befalling her such as illness, accident or extraordinary financial distress, then the Trustee, other than Grantor's

-1-

# EXHIBIT N

# first allied

December 17, 2012

William E. Powell
14565 Glastonbury Ave.
Detroit, MI 48223

Re:   Estate of William A. Powell

Dear Mr. Powell,

I received your letter addressed to First Allied Securities, Inc. ("First Allied") dated December 13, 2012. Since my last letter to you on October 24, 2012, we have spoken on the phone twice, once on November 19, 2012 and once on November 20, 2012. I informed you at that time that, consistent with my letter to you in October, we have not received any documentation establishing your rights over the account at issue.

Our interpretation of the documents presented to us remains the same. In the Agreement of Trust document that you reference in your most recent letter to us (emphasis added), it is stated:

In the event that Grantor, during his lifetime, is determined to be physically or mentally incapacitated as provided in Article FIRST, *or upon his death, Grantor's spouse, AMELIA L. POWELL, JERALD D. SHATZMAN of West Bloomfield, Michigan and COMERICA BANK - DETROIT, Detroit, Michigan, a Michigan banking corporation, shall become Successor Co-Trustees.* In the event either Grantor's spouse, AMELIA L. POWELL or JERALD D. SHATZMAN, is unable to act, due to death, resignation, or incapacity or for any other reason, the survivor and COMERICA BANK - DETROIT shall act as Successor Co-Trustees. In the event of the death, resignation or incapacity to act for any reason of all non-corporate Co-Trustees as hereinabove set forth, COMERICA Bank - DETROIT shall serve as the sole Corporate Successor Trustee. The Corporate Successor Trustee shall be absolved from all liability with respect to acts or omissions of the preceding successor Trustees. No non-Corporate Trustee shall be responsible for any mistake in judgment or for any decrease in value of or loss to the trust estate, or for any cause whatsoever, except his, her or their bad faith or gross negligence.

Any Trustee may resign the trust(s) hereof effective thirty (30) days after written notice of intention so to do given personally or by registered mail to the Grantor, or if the Grantor shall not then be living, to the beneficiaries then entitled to the income of said trusts, or to their legal representatives. A Successor Trustee or Successor Trustees may

be appointed by the Grantor, or if he is then deceased, by all the beneficiaries entitled to receive income of said trusts, or by their legal representatives; *subject, however, to the appointments set forth above, which shall be controlling until no such appointees are willing and able to so act*; and such Successor Trustee or Trustees shall succeed to all of the duties, and to all of the powers, including discretionary powers, herein granted to the Trustee.

It is our understanding that your mother, Ms. Amelia Powell, is willing to and currently is acting as Successor Trustee. Therefore, given the language above, it does not appear that any beneficiary, either you or your sister, are Successor Trustees while your mother is still acting in that office. Without documentation establishing your right to speak with us regarding this account, we cannot provide any further information.

If you have any questions, please feel free to write or call me at any time at the contact information previously provided or that listed below.

Sincerely,

Jennifer Mannan, Esq.
Associate General Counsel
First Allied Securities, Inc.

# EXHIBIT O

# first allied

January 14, 2013

William E. Powell
14565 Glastonbury Ave.
Detroit, MI 48223

Re:     Estate of William A. Powell

Dear Mr. Powell,

    I received your fax dated December 20, 2012. As you note, my December 17 letter to you did not address the First Amendment to the trust referenced in your letter. I did not discuss the First Amendment because I previously addressed it in my original letter to you dated October 25, 2012, stating: "the First Amendment does not appear to address current or successor trustee appointments."

    Our interpretation of the documents presented to us remains the same. As such, I am unable to address with you First Allied's response to the allegations presented in your letters to us. If you have further documentation establishing your rights over this account, please send it to me. Otherwise, as you are currently not authorized to discuss this account, we will discontinue communication with you regarding the account unless and until we receive proper documentation.

Sincerely,

Jennifer Mannan, Esq.
Associate General Counsel
First Allied Securities, Inc.

# EXHIBIT P

# first allied

October 25, 2012


William E. Powell
14565 Glastonbury
Detroit, MI 48223


Re:    Estate of William A. Powell


Dear Mr. Powell,

As you know, I received your letter addressed to First Allied Securities, Inc. ("First Allied") dated September 7, 2012 requesting information about an account in the name of William A. Powell; we spoke on the phone on September 12, 2012 regarding this request, and I asked for information establishing your authority over this account. I did not receive any documentation from you at that time. I later received notice that you contacted Pershing LLC on or about October 4, 2012 regarding this account. It is my understanding that Pershing also asked for more information establishing your authority over the account and would not release information to you without this documentation.

Then on October 18, 2012, First Allied received another letter from you again requesting information regarding this account, and seeking to update our records. I called you that day to discuss our continued lack of documentation establishing you as a trustee, executor, power of attorney, or similar authority on this account. In reply, you sent the First Amendment to the William A. Powell Agreement of Trust, stating that you and Andrea L. Powell are successor trustees for this account. However, the First Amendment does not appear to address current or successor trustee appointments. I called you several times to discuss this document, but your phone number does not have voicemail enabled and I was therefore unable to leave a message. Then on October 22, 2012, I received your fax addressed to Marion Vomhos [sic] again requesting documents and information.

Mr. Powell, please understand that we are happy to provide any information you require as soon as we have authorization to do so. If you have such paperwork in your possession, please forward it to me at your convenience. As soon as I have authorization to release account information to you, I will endeavor to provide it in a timely manner. Without this documentation, I cannot release any information to you regarding this account and cannot confirm or deny whether an account in this name is held at First Allied. These measures are to protect the privacy of account owners, and we are unable to waive these provisions.

If you have any questions, please feel free to write, fax, or call me at any time at the contact information previously provided or that listed below.

Sincerely,

Jennifer Mannan, Esq.
Associate General Counsel
First Allied Securities, Inc.

# EXHIBIT Q

DEC 05 2005

## ARTICLE XIV

### APPOINTMENT OF SUCCESSOR TRUSTEE

FOURTEENTH: In the event that Grantor, during his lifetime, is determined to be physically or mentally incapacitated as provided in Article FIRST, or upon his death, Grantor's spouse, AMELIA L. POWELL, JERALD D. SHATZMAN of West Bloomfield, Michigan and COMERICA BANK - DETROIT, Detroit, Michigan, a Michigan banking corporation, shall become Successor Co-Trustees. In the event either Grantor's spouse, AMELIA L. POWELL or JERALD D. SHATZMAN, is unable to act, due to death, resignation, or incapacity or for any other reason, the survivor and COMERICA BANK - DETROIT shall act as Successor Co-Trustees. In the event of the death, resignation or incapacity to act for any reason of all non-corporate Co-Trustees as hereinabove set forth, COMERICA BANK - DETROIT shall serve as the sole Corporate Successor Trustee. The Corporate Successor Trustee shall be absolved from all liability with respect to acts or omissions of the preceding Successor Trustees. No non-Corporate Trustee shall be responsible for any mistake in judgment or for any decrease in value of or loss to the trust estate, or for any cause whatsoever, except his, her or their bad faith or gross negligence.

Any Trustee may resign the trust(s) hereof effective thirty (30) days after written notice of intention so to do given personally or by registered mail to the Grantor, or if the Grantor shall not then be living, to the beneficiaries then entitled to the income of said trusts, or to their legal representatives. A Successor Trustee or Successor Trustees may be appointed by the Grantor, or if he is then deceased, by all the beneficiaries entitled to receive income of said trusts, or by their legal representatives; subject, however, to the

14-1

# EXHIBIT R

appointments set forth above, which shall be controlling until no such appointees are willing and able to so act; and such Successor Trustee or Trustees shall succeed to all of the duties, and to all of the powers, including discretionary powers, herein granted to the Trustee.

After the death, resignation or incapacity of the Grantor, Grantor's spouse shall have the power during said spouse's lifetime to remove any Corporate Banking Trustee or Corporate Banking Co-Trustee; provided, however, said spouse has first appointed a Successor Corporate Banking Trustee, or Co-Trustee, as the case may be.

# EXHIBIT S

FIRST AMENDMENT

TO

WILLIAM A. POWELL AGREEMENT OF TRUST

THIS AMENDMENT is made on ⎽February 10⎽, 1988 by and
between WILLIAM A. POWELL of Detroit, Michigan, i  his individual
capacity (Grantor), and WILLIAM A. POWELL of Detroit, Michigan,
in his fiduciary capacity (Trustee).

W I T N E S S E T H:

WHEREAS, On February 3, 1988, the Grantor executed an
Agreement of Trust, and

WHEREAS, the Grantor wishes to amend his Agreement of
Trust, and

WHEREAS, the Grantor retained the power to amend the
Agreement of Trust in ARTICLE XII,

The parties agree that the WILLIAM A. POWELL AGREEMENT
OF TRUST dated February 3, 1988, is amended as follows:

1.    Article 4, Paragraph B is hereby amended in its
entirety to read as follows:

B.  FAMILY TRUST:  Subject to the foregoing, all
of the rest, residue and remainder of the trust property shall be
segregated and allocated by the Trustee for the following uses
and purposes:

1.  Commencing with the date of death of the
Grantor, if, in the opinion of the Trustee, other than Grantor's
spouse, during the life of Grantor's spouse, the income herein
provided, together with receipts from other sources known to the
Trustee, shall not be sufficient to suitably support and maintain
Grantor's spouse, or in the case of an emergency at any time
befalling her such as illness, accident or extraordinary
financial distress, then the Trustee, other than Grantor's

-1-

# EXHIBIT T

**Comerica** Incorporated

**COPY**

July 1, 1992

Mr. Lawrence J. Benton
Schatzman & Associates
30600 Telegraph Road, Suite 2160
Birmingham, MI 48010

RE:  ESTATE OF WILLIAM A. POWELL, DECEASED

Dear Larry

Enclosed is a Declination which was executed on behalf of Comerica Bank,
verifying that we had declined to act as Successor Co-Trustee of the
William A. Powell, Agreement of Trust.

If you have any questions about this Declination or if I may be of assistance to
you with regards to Mr. Powell's estate, please do not hesitate to call me.

Sincerely yours

Mari Anne Guidobono
Vice President
Estate Settlement
Detroit, MI 48275-1021
(313) 222-6099

5325/ng

Enclosure

Copy to Ms. Amelia Powell

D E C L I N A T I O N

Comerica Bank hereby declines to act as a Successor Co-Trustee
of the William A. Powell Agreement of Trust which was executed
on February 3, 1988 and subsequently amended.

Date _June 29 1992_

         Comerica Bank

         By: _Mari Anne Guidobono_
            Mari Anne Guidobono
            Vice President

# EXHIBIT U

LAW OFFICES
**SHATZMAN AND ASSOCIATES, P.C.**
30600 TELEGRAPH ROAD, SUITE 2160
BINGHAM FARMS, MICHIGAN 48025-1580

JERALD D. SHATZMAN
LAWRENCE J. BENTON

(313) 646-0300
FAX (313) 642-5628

LENAWEE COUNTY OFFICE
225 WEST ADRIAN STREET
BLISSFIELD, MICHIGAN 49228
(517) 486-2200

August 13, 1992

Amelia L. Powell, Personal
Representative of the Estate of
William A. Powell
4761 Outer Dr.
Detroit, MI 48235

RE: The Estate of William A. Powell

Dear Mrs. Powell:

Enclosed is a Declination which I executed on July 15, 1992
confirming that I have declined to act as Successor Co-Trustee of
the William A. Power Agreement of Trust. However, our office will
continue to represent you and Mr. Powell's estate in accordance
with the engagement agreement dated April 1, 1992.

If you have any questions about this Declination, please do
not hesitate to call.

Very truly yours,

SHATZMAN AND ASSOCIATES, P.C.

Jerald D. Shatzman

JDS/br

Enclosure

cc: Andrea L. Powell, Esq. (w/Enc.)
Mari Anne Guidobono (w/Enc.)

# D E C L I N A T I O N

JERALD D. SHATZMAN hereby declines to act as a Successor Co-Trustee of the WILLIAM A. POWELL AGREEMENT OF TRUST which was executed on February 3, 1988 and subsequently amended.

Dated: July 15, 1992

SHATZMAN AND ASSOCIATES, P.C.

BY: _____
    JERALD D. SHATZMAN

# EXHIBIT V



MY LOANS          MAKE PAYMENT          CHANGE PAYMENT          CUSTOMER SUPPORT

**Upcoming System Outage**

Due to planned maintenance for our company transition, our websites & phone system will be unavailable the weekend of October 10th

ALERT

Your deferment or forbearance expires in 17 days. Your next monthly payment is due on 10/17/2014.

**You have 5 message(s)** View all message(s)

## Loan Summary   Learn how your payments are allocated and applied

|  | Loans Balance | Minimum Payment Due | Pay all of your loans at once |
|---|---|---|---|
| **GRAND TOTAL** | **$191,388.56** | **$2,244.50** | QuickPay |

### DEPARTMENT OF EDUCATION LOANS                    TAKE ACTION ON YOUR LOANS

Visit our FAQs for info on how to make payments, credit reporting, and how to contact us.

| Loan Name | Loan Balance | Current Interest Rate | Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|
| Stafford 1-01 | **$5,378.53** | **6.8%** | **$0.00** | **10/17/2014** |
| Stafford 1-02 | **$4,335.63** | **6.8%** | **$0.00** | **10/17/2014** |
| Stafford 1-03 | **$2,970.15** | **6.8%** | **$0.00** | **10/17/2014** |
| Stafford 1-04 | **$5,378.41** | **6.8%** | **$0.00** | **10/17/2014** |
| Stafford 1-05 | **$4,253.33** | **6.8%** | **$0.00** | **10/17/2014** |
| Direct Loan - Sub 1-06 | **$3,350.20** | **3.13%** | **$0.00** | **10/17/2014** |
| Direct Loan - Sub 1-07 | **$1,914.40** | **3.13%** | **$0.00** | **10/17/2014** |

| | | | | |
|---|---|---|---|---|
| Direct Loan - Sub 1-08 | | $5,482.77 | 3.13% | $0.00 | 10/17/2014 |
| Direct Loan - Sub 1-09 | | $6,375.49 | 3.13% | $0.00 | 10/17/2014 |
| | **TOTAL** | **$39,438.91** | | $0.00 | |

> ▶ **PAY DEPARTMENT OF EDUCATION LOANS**

## FEDERAL LOANS

TAKE ACTION ON YOUR LOANS

Visit our FAQs for info on how to make payments, credit reporting, and how to contact us.

| Loan Name | Loan Balance | Current Interest Rate | Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|
| Stafford 1-01 | $3,176.37 | 2.33% | $63..3 | 10/15/2014 |
| Stafford 1-02 | $8,907.15 | 2.33% | $172.16 | 10/15/2014 |
| Stafford 1-03 | $8,237.39 | 2.33% | $145.02 | 10/15/2014 |
| Stafford 1-04 | $14,316.15 | 2.33% | $193.09 | 10/15/2014 |
| Stafford 1-05 | $9,110.64 | 2.33% | $123.63 | 10/15/2014 |
| Stafford 1-06 | $13,528.98 | 2.33% | $182.60 | 10/15/2014 |
| Stafford 1-09 | $9,110.63 | 2.33% | $123.63 | 10/15/2014 |
| Stafford 1-10 | $13,117.34 | 2.33% | $177.01 | 10/15/2014 |
| Stafford 1-13 | $10,766.09 | 6.8% | $173.95 | 10/15/2014 |
| Stafford 1-14 | $16,480.01 | 6.8% | $261.19 | 10/15/2014 |
| Stafford 1-15 | $10,759.12 | 6.8% | $167.79 | 10/15/2014 |
| Stafford 1-16 | $9,033.35 | 6.8% | $138.46 | 10/15/2014 |

9/15/2014 9:00 AM

| | | | | |
|---|---|---|---|---|
| Stafford 1-17 | $9,558.84 | 6.8% | $146.50 | 10/15/2014 |
| **TOTAL** | $136,102.06 | | $2,068.96 | |
| Stafford 2-01 | $3,513.42 | 3.13% | $37.37 | 11/01/2014 |
| Stafford 2-02 | $1,171.13 | 3.13% | $12.43 | 11/01/2014 |
| Stafford 2-03 | $4,673.70 | 3.13% | $54.26 | 11/01/2014 |
| Stafford 2-04 | $2,344.49 | 3.13% | $24.72 | 11/01/2014 |
| Stafford 2-05 | $4,144.85 | 3.13% | $46.76 | 11/01/2014 |
| **TOTAL** | $15,847.59 | | $175.54 | |

▸ PAY FEDERAL LOANS

| | Loans Balance | | Minimum Payment Due | Pay all of your loans at once |
|---|---|---|---|---|
| **GRAND TOTAL** | $191,388.56 | | $2,244.50 | QuickPay |

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILLIAM E. POWELL

**DEFENDANTS**
FIRST ALLIED SECURITIES & SELIK WEALTH MANAGEMENT, INC.

**(b)** County of Residence of First Listed Plaintiff    WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

Case: 5:14-cv-13589
Judge: O'Meara, John Corbett
MJ: Hluchaniuk, Michael J.
Filed: 09-16-2014 At 02:38 PM
CMP POWELL V. FIRST ALLIED SECURITI
ES ET AL (DA)

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
    Plaintiff

☒ 3 Federal Question
    *(U.S. Government Not a Party)*

☐ 2 U.S. Government
    Defendant

☐ 4 Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff, and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☒ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Opening of fraudulent contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $ 300,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)
## IF ANY
*(See instructions:)*

JUDGE    ROBERT H. CLELAND

DOCKET NUMBER    2:14-CV-13193

DATE
September 16, 2014    *Pro Se*

SIGNATURE OF ATTORNEY OF RECORD
*William E Powell*

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

## PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?          ☐ Yes
                                                                    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.      Other than stated above, are there any pending or previously
        discontinued or dismissed companion cases in this or any other          ☐ Yes
        court, including state court? (Companion cases are matters in which      ☒ No
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :