UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIAM E. POWELL,                      )
                                        )        Case No. 2:14CV13589
        Plaintiff,                      )
                                        )        Hon. Robert Cleland,
        v.                              )        United States District Judge
                                        )
FIRST ALLIED SECURITIES, INC            )
                                        )
        Defendant.                      )
                                        )
                                        )
                                        )

---

## DEFENDANT FIRST ALLIED SECURITIES, INC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Now comes Defendant, First Allied Securities, Inc., by and through counsel, Reminger Co.,

L.P.A., and pursuant to Fed. R. Civ. P 12(b)(1), 12(b)(6), 12(b)(7) and 19(b) hereby moves this

Honorable Court for an Order dismissing Plaintiff's Amended Complaint (Doc #11) with prejudice.

The Plaintiff's Amended Complaint fails to allege that Plaintiff possesses the requisite standing to

assert a claim, fails to allege sufficient facts for this Court to exercise subject-matter jurisdiction over

the claims, fails to allege any viable claim upon which relief can be granted, and fails to include

necessary and indispensable parties to this action. As such, Defendant moves this Court for an

Order dismissing Plaintiff's Amended Complaint with prejudice.  A Memorandum in Support, more

fully detailing the basis for dismissal, is attached hereto and made a part hereof by reference.

Pursuant to Local Rule 7.1, undersigned counsel certifies that attempts have been made to

contact Plaintiff to provide notification of the intent to file this Motion to Dismiss and whether

Plaintiff will oppose this motion.  An email was sent explaining the nature of the motion and requesting a response.  Mr. Powell responded indicating that he will oppose the motion.

Respectfully submitted,

/s/ David R. Hudson

David R. Hudson (P78652)
Laurie J. Avery (P59755)
**REMINGER CO., L.P.A.**
One Seagate, Suite 1600
Toledo, Ohio  43604
Tel: (419) 254-1311
Fax: (419) 243-7830
Email: dhudson@reminger.com
*Attorneys for Defendant*
*First Allied Securities, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: William E. Powell, pro se Plaintiff, and I hereby certify that I mailed by United States Postal Service the paper to the following non-ECF participants:   William E. Powell, 14565 Glastonbury Ave., Detroit, Michigan 48223.

/s/ David R. Hudson

David R. Hudson (P78652)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIAM E. POWELL,                    )
                                      )        Case No. 2:14CV13589
          Plaintiff,                  )
                                      )        Hon. Robert Clevland,
          v.                          )        United States District Judge
                                      )
FIRST ALLIED SECURITIES, INC          )
                                      )
          Defendant.                  )
                                      )
                                      )
                                      )

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FIRST ALLIED SECURITIES, INC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

David R. Hudson (P78652)
Laurie J. Avery (P59755)
**REMINGER CO., L.P.A.**
One Seagate, Suite 1600
Toledo, Ohio  43604
Tel: (419) 254-1311
Fax: (419) 243-7830
Email: dhudson@reminger.com
*Attorneys for Defendant*
*First Allied Securities, Inc.*

**TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES PRESENTED ..................................................................iii

MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ......................................................iv

TABLE OF AUTHORITIES ...................................................................................................... v

INTRODUCTION ....................................................................................................................1

BACKGROUND .......................................................................................................................2

LAW AND ARGUMENT ...........................................................................................................3

      I.     Plaintiff Lacks the Requisite Standing To Assert A Claim Because He Cannot Establish A Concrete Injury-In-Fact Associated With His Own Rights and Interests. ........................................................................................3

      II.    Plaintiff's Complaint Fails To Establish Federal Court Jurisdiction Under 28 U.S.C. § 1331 and § 1332 And, Therefore, This Court Does Not Have Subject Matter Jurisdiction Over The Claims ..................................................6

          A.  Plaintiff Has Failed To Properly State A Claim Sufficient To Invoke Federal Question Jurisidcition Under 28 U.S.C. § 1331 ..........................6

          B.  Plaintiff's Allegations Fail To Properly Establish Diversity Jurisdiction Under 28 U.S.C. § 1332 ..................................................................8

              1.  Plaintiff Has Failed To Legitimately Satisfy The Amount In Controversy Requirement ..........................................................9

      III.   Plaintiff's Complaint Fails To Include A Necessary and Indispensible Party Under Rule 12(b)(7) and 19(b) And The Case Cannot Proceed In The Absence of Amelia Powell, Whose Joinder Would Destroy Diversity of Citizenship ...................11

CONCLUSION ......................................................................................................................14

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

1.     Whether the Court should dismiss Plaintiff's Amended Complaint for lack of standing?

2.     Whether the Court should dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1332?

3.     Whether Plaintiff has stated any viable claim upon which relief can be granted?

4.     Whether the Court should dismiss Plaintiff's Amended Complaint for failure to name and indispensable party?

## <u>MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction).

Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted).

Fed. R. Civ. P. 12(b)(7) (failure to join necessary or indispensable party under Rule 19).

Fed. R. Civ. P. 19 (required joinder of parties).

18 U.S.C. § 1348 (federal securities fraud).

28 U.S.C. § 1331 (federal question jurisdiction).

28 U.S.C. § 1332 (jurisdiction by diversity of citizenship).

*William E. Powell v. Midland Nat. Life Ins. Co. et al.*, 2:14-cv-13193, (E.D. Mich. Sept 30, 2013), Dkt. No. 14

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009) ......................................................................................7, 8

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 570 (2007) ........................................................................................7

*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,*
    508 F.3d 327, 335-36 (6th Cir. 2007)......................................................................2

*Dekoven . Bell,*
    140 F. Supp. 2d 748, 755 (E.D. Mich. 2001)..........................................................7

*Ericson v. Pardus,*
    551 U.S. 89, 94 (2007)............................................................................................7

*Erie Cnty. v. Morton Salt, Inc.,*
    702 F.3d 860, 867 (6th Cir. 2012............................................................................7

*Gardner v. Quicken Loans, Inc.,*
    567 Fed. App'x 362, 364-365 (6th Cir. 2014) ........................................................2

*Gross v. Hougland,*
    712 F.2d 1034, 1036 (6th Cir. 1983) ......................................................................8

*Hinsdale v. Farmers Nat. Bank and Trust,*
    93 F.R.D. 662, 663 (N.D. Ohio 1982) .............................................................. 12, 13

*Kramer v. Caribbean Mills, Inc.,*
    394 U.S. 823, 830 (1969) ........................................................................................8

*Little v. Giles,*
    118 U.S. 596, 600-607 (1886)..................................................................................8

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555, 560-61 (1992)....................................................................................4

*Martin v. Overton,*
    391 F.3d 710, 714 (6th Cir. 2004) ..........................................................................7

*Memphis American Fed. Of Teachers Local 2032 v. Board of Education,*
    534 F.2d 699, 701 (6th Cir. 1976) ..........................................................................6

*Owen Equipment & Erection Co. v. Kroger,*
    437 U.S. 365, 374 (1978) ........................................................................................8

v

*Painewebber v. Cohen*,
   276 F.3d 197, 200 (6th Cir. 2002) ..................................................................................11

*Provident Tradesmens Bank & Trust Co. v. Patterson*,
   390 U.S. 102 (1968) .......................................................................................................12

*Rosen v. Chrysler Corp.*,
   205 F.3d 918, 921 (6th Cir. 2000) ...................................................................................9

*Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*,
   181 F.3d 759, 763-64 (6th Cir. 1999)..............................................................................11

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
   303 U.S. 283, 289 (1938) .................................................................................................9

*State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*,
   2007 WL 127909, *4 (E.D. Mich 2007) .........................................................................1

*State Farm Fire & Cas. Co. v. Tashire*,
   386 U.S. 523 (1967).........................................................................................................9

*Warth v. Seldin*,
   42 U.S. 490, 508 (1975) ..................................................................................................4

## Statues

18 U.S.C. § 1001 .................................................................................................................6, 7

18 U.S.C. § 1348 Securities and Exchange Act of 1934 .................................................. 1, 6, 7

18 U.S.C. § 1964 ....................................................................................................................6

18 U.S.C. § 1964(c) ...............................................................................................................6

28 U.S.C. § 1331 ................................................................................................................6, 7

28 U.S.C. § 1332 ................................................................................................................6, 8

28 U.S.C. § 1332(a) ...............................................................................................................9

28 U.S.C. § 1359 ....................................................................................................................8

## Treatise

James T. Blanch, *The Constitutionality of the False Claims Act's Qui Tam Provision*,
   16 Harv. J.L & Pub. Pol'y 701, 710-712 (1993) ............................................................4

**Rules**

Fed. R. Civ. P. 8(a)(2) ..............................................................................................7

Fed. R. Civ. P. 12(b)(6) ............................................................................................7

Fed. R. Civ. P. 12(b)(7) ..........................................................................................11

Fed. R. Civ. P. 19 ..............................................................................................11, 12

Fed. R. Civ. P. 19(b) ......................................................................................2, 11, 12

Fed. R. Civ. P. 19(c) ......................................................................................... 12, 13

## INTRODUCTION

In the case at hand, Plaintiff's allegations arise out of a dispute between Plaintiff and his mother, Amelia Powell, who serves as the trustee of a trust established by Plaintiff's deceased father. Rather than simply litigate his claimed rights and entitlements to the trust assets in state court proceedings against trustee Amelia Powell, Plaintiff has sued Defendant First Allied Securities, Inc. in an attempt to circumvent the other venues where his actions have failed in a last ditch effort to obtain information related to his father's trust.

Plaintiff's Amended Complaint should be dismissed because: 1) Plaintiff lacks standing to assert a claim on behalf of the trust at issue; 2) this Court lacks subject-matter jurisdiction because neither a federal question or complete diversity exists; 3) Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted; and 4) Plaintiff has failed to include a necessary and indispensable party to this action (trustee of the Wm. A. Powell Trust, Amelia Powell).[1]

Because Plaintiff's Amended Complaint does not sufficiently allege that Plaintiff has a present possessory interest in the trust at issue, Plaintiff does not have standing to bring this suit in federal court. Plaintiff has repeatedly failed to provide documentation establishing his present possessory interest as a trustee, executor, power of attorney, or similar authority over the trust in issue. Powell's Amended Complaint does not even attempt to allege or establish the requisite authority to assert a claim on behalf of his father's trust.

In addition to lack of standing, Plaintiff's claims must also be dismissed because this court does not have subject-matter jurisdiction. Although Plaintiff alleges Defendant violated the Securities and Exchange Act 1934, *in fact*, Plaintiff's Amended Complaint *does not* assert claims arising under this act. Instead, Plaintiff's purported claims arise out of rights and entitlements to trust assets

---

[1] In addition to the other stated reasons, it should also be noted that Powell's Amended Complaint was not properly served on First Allied. First Allied received Powell's Amended Complaint on January 17, 2015 via certified mail. Service on a corporation by certified mail, however, is not proper. See *State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 WL 127909, *4 (E.D. Mich 2007).

against his mother, Amelia Powell.  As such, Plaintiff's claims should be litigated, if at all, against Amelia Powell in state court proceedings. In addition to asserting no legitimate and viable federal claim to invoke federal question jurisdiction, diversity jurisdiction is also not applicable. This is because: 1) Plaintiff is not permitted to artificially create diversity jurisdiction by only naming those Defendants whose citizenship is diverse from Plaintiff and excluding other defendants that should be properly included in the action, and 2) Plaintiff cannot satisfy the amount in controversy requirement.  Simply put, Plaintiff has failed to state any claim upon which relief can be granted in this case.

Finally, Plaintiff's Complaint fails to name a necessary and indispensable party (trustee Amelia Powell) whose presence would destroy diversity of citizenship under Rule 19(b).  This action cannot and should not proceed in the absence of trustee Amelia Powell.

With these considerations in mind, this Honorable Court should grant Defendant's motion and dismiss the Amended Complaint with prejudice.

## <u>BACKGROUND</u>

Plaintiff's allegations stem from a trust agreement executed by Plaintiff's father, William A. Powell, on February 3, 1988, which was later amended on February 10, 1988. (Doc #11, pp. 1-2.) During his lifetime, William A. Powell served as the trust's grantor and trustee. (*Id.*) The trust appointed William A. Powell's spouse, Amelia Powell, successor trustee along with Jerald D. Shatzman and Comerica Bank-Detroit (*Id.*; see also, Ex. 1.)[2] The February 10, 1988 Amendment to the trust named Amelia Powell, as the trust beneficiary. (Ex. 2.) Plaintiff's father also executed his

---

[2] Plaintiff's Amended Complaint only attaches excerpts of his father's trust documents. *See* Ex. D. Complete copies of both the February 3, 1988 Trust and February 10, 1988 Amendment are attached as Exhibits 1 and 2 to this brief. In reviewing a motion to dismiss, the court may consider the complaint along with any document "referred to in the complaint and . . . central to the plaintiff's claim," even if that document is not formally incorporated by reference or attached to the complaint as part of the pleading. *Gardner v. Quicken Loans, Inc.*, 567 Fed. App'x 362, 364-365 (6th Cir. 2014); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

Last Will and Testament on February 3, 1988, which directed his estate be "poured over" to the trust. (Doc #11, pp. 1-2.)

This action arises because in 2012 Plaintiff allegedly discovered a William A. Powell Trust Brokerage Account opened in 2005, well after the death of his father in 1992. (*Id.* at 2.) This account was opened by Plaintiff's mother, Amelia Powell, as trustee of the Wm. A. Powell Trust.  Plaintiff disputes that Amelia Powell had the authority to open the account. (*Id.*, generally.)

In addition, Plaintiff claims he is entitled to William A. Powell Trust Account information despite providing no support for his alleged authority over the account. (Doc #11, Ex. E, F.) Plaintiff has attempted to illicit William A. Powell Trust account information from Defendant multiple times without establishing his authority to do so, including via letter demands on September 12, 2012 and October 8, 2012, and via fax demand on October 22, 2012. (*Id.*) In response to such demands, Defendant First Allied has timely responded to each inquiry and indicated Plaintiff will be denied access to account information until Plaintiff can present documentation establishing his authority over the account and the trust, generally. (*Id.*) As it stands, Plaintiff has failed to establish any such authority. (*Id.*)

## LAW AND ARGUMENT

I.   **Plaintiff Lacks The Requisite Standing To Assert A Claim Because He Cannot Establish A Concrete Injury-In-Fact Associated With His Own Rights and Interests**

Plaintiff is attempting to assert a generalized grievance in this case that does not relate to his own rights and interests, but rather, those rights and interests of the Wm. A. Powell Trust.  (Doc #11.)  As a result, Plaintiff cannot establish an injury-in-fact that is more than conjecture or hypothetical in nature because he is not the trustee and has no present possessory interest in any trust assets.  (Ex. 1 and 2.)  As a result, Plaintiff's claims are improper and should be flatly dismissed.

Standing ensures a plaintiff is the proper party to bring suit in federal court. As such, standing is a threshold requirement. A plaintiff must demonstrate that: 1) the plaintiff suffered a

3

concrete and particularized "injury-in-fact," rather than an injury that is conjectural or hypothetical; 2) a causal connection exists between the plaintiff's injury and the allegedly illegal conduct; and, 3) a favorable court decision is likely to redress the plaintiff's alleged injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting out standing requirements for plaintiffs in federal court).

In addition to the case or controversy requirements, the Supreme Court has also developed "prudential" factors that influence the decision to grant or deny standing. Prudential requirements are grounded in common law notions of legal rights. *See* James T. Blanch, *The Constitutionality of the False Claims Act's Qui Tam Provision*, 16 Harv. J.L & Pub. Pol'y 701, 710-712 (1993) (arguing that Court acknowledges existence of prudential standing). Prudential judicial limitations that can lead to a standing denial include generalized grievances and asserted injuries not associated with a plaintiff's own rights and interests. *See Warth v. Seldin*, 42 U.S. 490, 508 (1975).

In this case, as noted above, Plaintiff asserts injuries not associated with his own current rights or interests. A cursory review of the Amended Complaint reveals that Plaintiff does not dispute that his father, William A. Powell, executed a trust agreement on February 3, 1988 and that during his lifetime, William A. Powell served as the trust's grantor and trustee. (Doc #11 at pp 1-2.) As evidenced through the trust text, the trust appointed Amelia Powell successor trustee along with Jearald D. Shatzman and Comerica Bank-Detroit. (Ex. 1.) Moreover, Plaintiff's Amended Complaint concedes this Trust Agreement was amended February 10, 1998. (Doc #11 at p. 1.)   This Amendment to the Trust Agreement named Amelia Powell, as the Trust beneficiary (Ex. 2.)

Because Plaintiff's Amended Complaint fails to demonstrate or properly allege that the Plaintiff serves as trustee, is legally permitted to assert claims on behalf of the trust or has a present possessory interest in the assets of the trust, Plaintiff simply does not have standing to bring this suit, in any court.  Although Plaintiff's Amended Complaint generally alleges that he is one of two

potential beneficiaries of the trust assets, a plain review of the particular allegations, and the trust agreement attached to the Amended Complaint, reveals that Plaintiff has no present possessory interest in the trust or its assets.

Indeed, the communication attached to Plaintiff's Amended Complaint highlights for this Honorable Court Plaintiff's complete lack of standing to assert a claim.  In that regard, Plaintiff has attempted to contact Defendant First Allied on multiple occasions to request information about the trust.  (Doc #11, Ex. E and F.)  On each occasion, Plaintiff was advised that he needed to provide appropriate documentation of his legal right to obtain information related to the trust, including any documentation that would tend to show a presently vested interest in relation to the trust as a trustee, executor, power of attorney, or other similar authority over the trust in issue.  (*Id.*)   As only a successor trustee at most, Plaintiff does not have any authority over the Wm. A. Powell Trust account until the current trustee, his mother Amelia Powell, is unable to serve. (Ex. 1, 2.) This includes no authorization to access information regarding the trust accounts. Likewise, Plaintiff's Amended Complaint fails to satisfactorily plead even a sheer possibility that Plaintiff has a present possessory interest and as such, Plaintiff's claims against Defendant should be dismissed for lack of standing.

As a practical matter, if Plaintiff did possess any claim with respect to the trust, it would be a claim against the trustee for breach of a duty regarding the proper management and/or depletion of trust assets.  As this Court may be aware, Plaintiff has previously attempted to remove the trustee, Amelia Powell (his mother), in state court litigation to no avail.[3]   (Ex. 3.)  Amelia Powell responded as trustee and disputed his rights.  (Ex. 4.)  The claim to remove the trustee was flatly dismissed and the Order reflects that Amelia Powell was actually entitled to a distribution from the trust that she

---

[3] Under the authority cited in FN2, and because these documents are matters of public record for which this Court may take judicial notice, copies of the relevant Wayne County Probate Court pleadings and Court Order denying Plaintiff's request for relief are attached hereto.

had previously not taken. (Ex. 5.) Mr. Powell also apparently filed a petition to be appointed a a personal representative of his father's estate in 2011, and that action was flatly dismissed. (Ex. 6.)

The reality is that Plaintiff's claims in this case present a generalized grievance with respect to his dissatisfaction that his mother Amelia Powell has not provided him access to information related to the trust assets. First Allied bears no responsibility for Plaintiff's generalized grievance related to his mother's management of trust assets. Plaintiff's claims should be appropriately dismissed for lack of standing.

II. **Plaintiff's Complaint Fails To Establish Federal Court Jurisdiction Under 28 U.S.C. § 1331 and § 1332 And, Therefore, This Court Does Not Have Subject-Matter Jurisdiction Over The Claims.**

A federal court is not a general repository of judicial power; thus, it must satisfy itself that it has subject-matter jurisdiction over the dispute before it addresses the merits of the claims. *Memphis American Fed. Of Teachers Local 2032 v. Board of Education*, 534 F.2d 699, 701 (6th Cir. 1976) ("Without a finding that there is federal jurisdiction over a particular claim for relief, the federal courts are without power to proceed"). Because Plaintiff fails to plead a federal question and cannot properly invoke diversity jurisdiction, this Court does not have subject-matter jurisdiction and Plaintiff's Amended Complaint must be dismissed.

A. **Plaintiff Has Failed To Properly State A Claim Sufficient To Invoke Federal Question Jurisdiction Under 28 U.S.C. § 1331.**

Plaintiff generally alleges that his claims arise under the Securities and Exchange Act 1934, 18 U.S.C. §§ 1001, 1348 and the federal RICO statute by citing to 18 U.S.C. § 1964(c). However, *in fact*, Plaintiff's Amended Complaint *does not* assert claims arising under § 1001, § 1348 or § 1964 . Section 1001 generally discusses false or fraudulent statements. Section 1348 is the criminal securities fraud statute. It outlaws knowingly executing or attempting to execute a scheme to defraud or to falsely obtain money or property-with respect to commodities or securities. Section 1964(c) deals with federal RICO claims. Plaintiff's Amended Complaint does not allege that Defendant

engaged in federal securities fraud or RICO violations, nor does Plaintiff cite to 18 U.S.C. §§ 1001, 1348 or § 1964(c) anywhere other than the last sentence in the "Introduction Section" and the first sentence of the "Jurisdiction and Venue" section of the Amended Complaint.

Instead, a closer look at the allegations contained in the Amended Complaint appears to be focused on claims that would arise exclusively under state laws governing trusts and estates or contracts.  (See, Doc #11, generally).  The allegations of Mr. Powell really relate to his generalized grievance as to his disagreement with the management of the Wm. A. Powell Trust by his mother, Amelia Powell.

Although a *pro se* litigant's complaint is to be construed liberally, *Ericson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). The leniency granted to *pro se* litigants is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, states a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This standard requires a plaintiff's factual allegations to "'raise a right to relief above the speculative level' and 'nudge[ ] the[ ] claims across the line from conceivable to plausible.'" *Erie Cnty. v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding a motion to dismiss, a court will construe the complaint in the light most favorable to plaintiff and accept well-pleaded allegations as true. *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" shall be disregarded. *Iqbal*, 556 U.S. at 678. *Accord Twombly*, 550 U.S. at 555-56; *Erie Cnty.*, 702 F.3d at 867.  Plaintiff's allegations fail to raise even a "sheer possibility"

7

that First Allied violated the Securities and Exchange Act. *See Iqbal*, 556 U.S. at 678.   Therefore, Dismissal of Plaintiff's complaint is required.

For jurisdiction to lie under § 1331, the complaint must assert claims that arise under federal law; merely adding a citation to a federal statute in the "Introduction" or "Jurisdiction and Venue" section of a complaint without asserting any claims that legitimately arise under federal law is not sufficient to create federal subject-matter jurisdiction. Moreover, such trust, estate, and contract law related allegations are matters of state law and should be asserted in state court. Accordingly, Plaintiff's purported securities fraud claims and federal RICO claims should be flatly dismissed for failure to state a claim.

### B.   Plaintiff's Allegations Fail To Properly Establish Diversity Jurisdiction Under 28 U.S.C. § 1332

In addition to Plaintiff's failure to plead a federal question, Plaintiff cannot properly invoke diversity jurisdiction.   Federal courts are courts of limited jurisdiction and they have only such jurisdiction as defined by Article II of the Constitution and granted by Congress. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The limits upon federal jurisdiction "must be neither disregarded nor evaded." *Id.* As such, plaintiff's cannot simply defeat the requirements of complete diversity by suing only those defendants who are of diverse citizenship, while later impleading nondiverse defendants. *Id.* at 375. This would be manufactured diversity. *See Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983).

Likewise, 28 U.S.C. § 1359 expressly forbids collusive attempts to create federal jurisdiction. Looking to the text, § 1359 states that district courts shall not have jurisdiction in civil actions in which "any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court".   *See, Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 830 (1969) (assignment for collection only, motivated by desire to make diversity jurisdiction available, falls within the "very core" of § 1359); *Little v. Giles*, 118 U.S. 596, 600-607 (1886) (where land was

purportedly sold to out-of-state farmer but no money or deed changed hands, quiet title action could not be maintained based on farmer's diverse citizenship).

In the case at hand, Plaintiff, a citizen of Michigan, initially sued both Defendant First Allied and Selik Wealth Management, Inc (hereinafter "Selik"). Selik has been removed as a named defendant from the Amended Complaint. (Doc #11). However, a cursory review of the Amended Complaint reveals that the allegations have not changed at all. Plaintiff continues to allege that Selik, by and through its agent Ron Selik, was the vehicle by which First Allied purportedly engaged in wrongful conduct (which Defendants dispute). (*Id.*) In fact, the "Jurisdiction and Venue" portion of the Amended Complaint continuing to acknowledge that Selik is a citizen of Michigan and acted at all times on behalf of First Allied. However, in an attempt to artificially manufacture complete diversity in this case, Plaintiff impermissibly removed Selik as a named party in the Amended Complaint, while continue to assert a claim against First Allied. This type of manufactured diversity is expressly forbidden by federal law.

Simply put, complete diversity does not exist in this case. First Allied is a corporation that can only act through its duly authorized agents or representatives. Given the fact that Selik is the registered representative at issue in this case, and Selik is a resident of Michigan, Selik's inclusion in this lawsuit would destroy complete diversity. *See, State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967). The face of the Amended Complaint reveals Plaintiff's attempts to artificially create diversity jurisdiction in this case and, therefore, this Court should properly dismiss Plaintiff's claims for lack of subject matter jurisdiction.

1.    **Plaintiff Has Failed to Legitimately Satisfy The Amount In Controversy Requirement.**

As this Court is aware, diversity jurisdiction requires that "the matter in controversy exceed[s] the sum value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To defeat diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the

jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938). It appears to a legal certainty that "[a] claim is less than the jurisdictional amount when the 'applicable [] law bar[s] the type of damages sought by plaintiff.'" *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citations omitted). Consequently, if the measure of Plaintiff's damages are $75,000 or less, diversity jurisdiction is not present.

Here, Plaintiff has asserted a generalized grievance relating to the proper management of trust assets. (Doc #11). The exhibits attached to the Amended Complaint reveal a value of the trust assets in issue to be $161,261.49. (Doc #11, Ex. C.) Under the Trust Agreement, when Plaintiff's interest in the trust assets becomes vested, he will only be entitled to 35% of the remaining assets at that time. Interestingly, Plaintiff does not make the allegation that the trust assets are missing in their entirety. However, even assuming arguendo that Plaintiff made an argument the trust assets were missing in their entirety, the amount in controversy would only be $56,441.52 (35% of $161,261.49). Plaintiff has not satisfied the amount in controversy requirement, even if we give Plaintiff the benefit of allegations that have not been specifically pled.

While Plaintiff will undoubtedly argue that he has also requested $300,000 in punitive damages for the hardship of repaying Plaintiff's student loans, general financial obligations, allegedly opening a fraudulent Account, and for withholding account information from Plaintiff, that prayer for relief has no basis in fact or law and cannot be accepted as true under a plain reading of the Amended Complaint. (Doc #11). This Honorable Court is not required to accept as true Plaintiff's allegations that are directly contradicted by the documents and exhibits attached to the Amended Complaint, or documents that are integral to the pleading that have not been attached. Indeed, the trust agreement at issue reveals that Plaintiff is not entitled to any of the assets of the trust at this time. Thus, any claim for punitive damages based on the fact that trust assets have been wrongfully withheld is simply not plausible on its face and should be rejected as a basis to establish jurisdiction.

The reality is that Plaintiff's claimed damages cannot possibly satisfy the amount in controversy requirement to successfully invoke diversity jurisdiction and, therefore, the Amended Complaint should be dismissed.

### III.   Plaintiff's Complaint Fails To Include A Necessary and Indispensable Party Under Rule 12(b)(7) and 19(b) and the Case Cannot Proceed in the Absence of Amelia Powell, Whose Joinder Would Destroy Diversity of Citizenship.

Plaintiff's allegations boil down to the following: 1) Plaintiff disputes that his mother, Amelia L. Powell, a citizen of the state of Michigan, had the authority to authorize opening the William A. Powell Trust Brokerage Account in 2005, and 2) Plaintiff alleges he was wrongfully denied information regarding the account his mother opened with regard to the Wm. A. Powell Trust account.  (Doc #11, generally.)

After William A. Powell's death in 1992, Amelia Powell became the sole successor trustee of the trust. (Doc #11, pp. 1-2; also see, Ex. 1 and 2.) The February 10, 1988 Amendment to the trust also named Amelia Powell as the Trust beneficiary. (Ex. 2.)  The trust granted the Trustee discretion to use trust assets and to acquire additional property from time to time.  (Ex. 1-2.)

In light of these facts, Plaintiff's action cannot proceed in the absence of his mother, Amelia Powell, an indispensable party whose joinder would defeat diversity of citizenship.  Joinder under Fed. R. Civ. P. 19 requires an initial three step analysis before a party may be joined. First, the court must determine whether the party is necessary and should be joined if possible. *Painewebber v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2002) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999)). Second, the court must consider whether it has personal jurisdiction over the necessary party and whether joining that party will destroy the basis for jurisdiction. *Id.* Finally, the court must assess whether equity requires the court to dismiss the action because the absent party is indispensable. *Id.* Dismissal is only appropriate when the court does not have personal

jurisdiction or the party cannot be joined without destroying the basis for subject matter jurisdiction. *Id.*

Rule 19(b) provides that when a person cannot be joined, a balancing of four interests is required to determine whether the action should be dismissed: 1) the availability of a forum for plaintiff; 2) defendant's interest in avoiding a multiplicity of suits; 3) the protection of the absent non-party's interests; and 4) public interest in the efficient settlement of disputes. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968).

In *Hinsdale v. Farmers Nat. Bank and Trust*, 93 F.R.D. 662, 663 (N.D. Ohio 1982), the plaintiff, one of the beneficiaries of two trusts, sought monetary damages and restoration of trust assets from Farmers National Bank on the grounds that Farmers had allegedly breached fiduciary duties owed to the plaintiff. It appeared from the plaintiff's pleadings that one of the trusts named the plaintiff's mother as co-trustee and that the living trust beneficiaries included the plaintiff, the plaintiff's mother, and the plaintiff's brother. *Id.* Farmer's moved to dismiss for failure to join indispensable parties under Rule 19. *Id.* at 663.

In granting Farmer's motion, the court ruled that, at minimum the plaintiff's mother may share responsibility with defendant, Farmers, for the alleged conversion of trust assets from equity assets to fixed income investments. *Id.* at 664-65. The court went on to state:

> Even more important is Jane McKinnon's [the plaintiff's mother] position as an income beneficiary . . . of both trusts. If the plaintiff should prevail in her claim against the Bank for wrongfully distributing the lion's share of the trust income to her brother, neither the Bank nor the plaintiff can be counted upon to vigorously assert Jane McKinnon's interest in any share of the compensation for lost income claimed by the plaintiff. Hence, the failure to include Jane McKinnon as a party not only impairs her ability to protect her interest, but also leaves the defendant Bank subject to the risk of incurring "double . . . or other inconsistent obligations".

*Id.* at 665. Because the plaintiff had failed to satisfy her Rule 19(c) obligation to identify required parties and the reason why they were not joined, the court assumed that, if joined, Jane McKinnon

would destroy jurisdiction. *Id.* at 665. Therefore, the court ruled that dismissal was appropriate noting that, in light of Jane McKinnon's interests as both a potential co-defendant and potential co-plaintiff income beneficiary, her inclusion as a party was necessary. *Id.*

As in *Hinsdale*, dismissal of Plaintiff's Complaint is appropriate because: 1) state court is an available forum for Plaintiff; 2) failure to include Plaintiff's mother will subject Defendant to the risk of multiple litigation should Plaintiff prevail; 3) neither Plaintiff nor Defendant can be expected to represent Amelia Powell's interests as Trustee of the Wm. A. Powell Trust, and 4) in light of the circumstances, no amount of public interest in efficient settlement of a dispute should require the exercise of this Court's jurisdiction.  If Plaintiff fails to satisfy his Rule 19(c) obligation to identify the reason why Amelia Powell was not joined, the Court should assume that, if joined, Amelia Powell will destroy jurisdiction. *See Hinsdale*, 93 F.R.D. at 665.

In this case, there are several reasons that would explain why Plaintiff has failed to name Amelia Powell in this action.  First, his prior attempts to litigate in state court against the Wm. A. Powell Trust and to remove his mother as trustee were flatly unsuccessful.  (Ex. 3.)  Additionally, Plaintiff is aware of the diversity of citizenship requirement as he has multiple actions now pending in federal court.  In each case, there is a legitimate question of manufactured diversity jurisdiction. (See, e.g., Case No. 14-cv-13869.)  Thus, this Honorable Court should not allow Plaintiff to try and circumvent the proper channels for his purported dispute with his mother by asserting meritless claims against third parties in the hope that someone will react favorably by providing him the information about trust assets he so desperately seeks (and that his mother has flatly refused to provide on multiple occasions).

## CONCLUSION

Plaintiff lacks standing to assert any claim against Defendant First Allied in this case. Further, even if Plaintiff could establish standing and an injury-in-fact, his claims fail to properly invoke the subject matter jurisdiction of this Court.  Simply put, Plaintiff's claims  fail to assert any legitimate allegation to support a claim for relief and, therefore, Plaintiff's Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

_____

David R. Hudson (P78652)
Laurie J. Avery (P59755)
**REMINGER CO., L.P.A.**
One Seagate, Suite 1600
Toledo, Ohio  43604
Tel: (419) 254-1311
Fax: (419) 243-7830
Email: dhudson@reminger.com
*Attorneys for Defendant*
*First Allied Securities, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: William E. Powell, pro se Plaintiff, and I hereby certify that I mailed by United States Postal Service the paper to the following non-ECF participants:   William E. Powell, 14565 Glastonbury Ave., Detroit, Michigan 48223.

/s/ David R. Hudson_____
David R. Hudson (P78652)

14